SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel:  (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for Defendant United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>             Plaintiff,<br><br>v.<br><br>ELAINE CHAO, SECRETARY OF THE U.S. DEPARTMENT OF LABOR; U.S. DEPARTMENT OF LABOR EMPLOYMENT STANDARDS ADMINISTRATION<br><br>             Defendants. | Case No. C 07-3807 (EDL)<br><br>ANSWER |

Defendants, Elaine Chao, Secretary of the U.S. Department of Labor and the U. S. Department of Labor Employment Standards Administration ("defendants"), by and through their undersigned attorneys, hereby answers plaintiff's complaint (the "Complaint") on information and belief as follows:

## PROCEDURAL ALLEGATIONS

1.     Neither admit nor deny the allegation in paragraph 1 of the Complaint because it constitutes the legal basis for the complaint and/or a legal conclusion as to which no answer is required.

1      2.      Deny the allegation in paragraph 2 of the Complaint except admit that Elaine L.
2 Chao is the Secretary of the U.S. Department of Labor.

3      3.      Admit the allegations in paragraph 3 of the Complaint.

4      4.      Admit the allegations in paragraph 4 of the Complaint.

5      5.      Neither admit nor deny the allegation in paragraph 5 of the Complaint because it
6 constitutes a legal conclusion as to which no answer is required except expressly denies that
7 defendant committed any unlawful disability discrimination.

8      6.      Neither admit nor deny the allegations in paragraph 6 of the Complaint because
9 they constitute the legal basis for the Complaint and/or legal conclusions as to which no answer
10 is required.

## FIRST CAUSE OF ACTION

(Disability Discrimination for Failure to Reasonably Accommodate)

Defendants restate each and very response set forth above in paragraphs 1 through 6 as if fully set forth herein.

7.      Admit the allegations in the first and second sentences of paragraph 7 of the Complaint.  Deny all of the remaining allegations in paragraph 7 of the Complaint.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 8 of the Complaint.  Deny all of the remaining allegations in paragraph 8 of the Complaint.

9.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of paragraph 9 of the Complaint.  Deny the allegations in the fourth sentence of paragraph 9 of the Complaint.

10.     Deny the allegations in paragraph 10 of the Complaint except admit that Dr. Rocha allowed plaintiff to work from home, allowed her to maintain her office laptop at home, allowed her to take additional time to commute and assisted her with transportation, and Dr. Rocha never asked plaintiff to provide medical documentation.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 11 of the Complaint. Deny all of the remaining allegations in paragraph 11 of the Complaint except to the extent the truth thereof is reflected in plaintiff's letter, dated March 28, 2005, and respectfully refers the Court to plaintiff's letter as the best statement of plaintiff's request.

12. Deny the allegations in paragraph 12 of the Complaint except to the extent the truth thereof is reflected in the documentation from Dr. Shapiro and respectfully refer the Court to the documentation as the best statement of Dr. Shapiro's comments.

13. Deny the allegations in paragraph 13 of the Complaint.

14. Deny the allegations in paragraph 14 of the Complaint except to the extent the truth thereof is reflected in the memorandum, dated May 3, 2005, from Trent Williams to plaintiff and respectfully refer the Court to the memorandum as the best statement of Mr. Williams' response to plaintiff and expressly deny that defendant "deferred" plaintiff's request for accommodation.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of paragraph 15 of the Complaint. Admit the allegation in the fourth sentence of paragraph 15 of the Complaint.

16. Admit the allegations in paragraph 16 of the Complaint.

17. Deny the allegation in paragraph 17 of the Complaint.

18. Admit the allegations in the first and second sentence of paragraph 18 of the Complaint. Deny all of the remaining allegations in paragraph 18 of the Complaint.

19. Deny the allegations in paragraph 19 of the Complaint except to the extent the truth thereof is reflected in the handwritten note from Dr. Shapiro and respectfully refer the Court to the handwritten note as the best statement of the additional documentation plaintiff provided.

20. Deny the allegations in paragraph 20 of the Complaint.

3

1          21.     Deny the allegations in paragraph 21 of the Complaint except admit that plaintiff filed a complaint of disability discrimination on or about August 17, 2005; defendant dismissed plaintiff's complaint on or about December 23, 2005 for failure to state a claim; and, by decision dated June 21, 2006, the Equal Employment Opportunity Commission determined plaintiff's complaint was improperly dismissed for failure to state a claim.

           22.     Deny the allegations in paragraph 22 of the Complaint and expressly deny that defendant discriminated against plaintiff or unlawfully failed to reasonably accommodate her disability.

           23.     Deny the allegations in paragraph 23 of the Complaint.

## SECOND CAUSE OF ACTION

(Constructive Discharge Based on Disability)

Defendants restate each and very response set forth above in paragraphs 1 through 23 as if fully set forth herein.

           24.     Deny the allegations in paragraph 24 of the Complaint except admit that plaintiff took medical leave on or about May 15, 2006.

           25.     Deny the allegations in paragraph 25 of the Complaint except admit that plaintiff retired from the federal work force in or about September, 2006.

           26.     Deny the allegations in paragraph 26 of the Complaint.

           27.     Deny the allegations in paragraph 27 of the Complaint.

           28.     Deny the allegations in paragraph 28 of the Complaint except admit that plaintiff filed a second discrimination complaint for alleged constructive discharge on or about November 16, 2006, and defendant consolidated her two discrimination complaints in or about February, 2007.

           29.     Deny the allegations in paragraph 29 of the Complaint and expressly deny that defendants have discriminated against plaintiff or failed to accommodate her disability.

## PRAYER FOR RELIEF

The paragraph beginning with "WHEREFORE" contains plaintiff's prayer for relief. To the extent that an answer is required, defendants deny that plaintiff is entitled to any of the relief prayed for therein.

Any allegation set forth in the Complaint not heretofore answered is specifically denied.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This court lacks subject matter jurisdiction over plaintiff's complaint, in whole or in part.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statue of limitations.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's compensatory damages, if any, are limited to the amounts set forth in the applicable statute.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any damages or relief not specifically provided for under the applicable statutes.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability within the meaning of the Rehabilitation Act, 29 U.S.C. § 705 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

All of defendant's employment decisions were made for legitimate, non-discriminatory reasons.

5

WHEREFORE, having fully answered the Complaint against them, defendants respectfully pray that this Court enter judgment in their favor and against plaintiff and grant such other and further relief as this court deems just and equitable.

Dated: October 29, 2007

                                Respectfully submitted,

                                SCOTT N. SCHOOLS
                                United States Attorney

By:          /s/
        ELLEN M. FITZGERALD
        Assistant United States Attorney