1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2   JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
3   ELLEN M. FITZGERALD (NY 2408805)
    Assistant United States Attorney
4   450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
5   Tel: (415) 436-7314
    Fax: (415) 436-6748
6   E-mail: ellen.fitzgerald@usdoj.gov

7   Attorneys for Defendants

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  FRANCISCA MORALEZ,                )
                                      )   Case No. C 07-3807 EDL
                                      )
13              Plaintiff,            )
                                      )
14  v.                                )   **STIPULATION AND**
                                      )   **[PROPOSED] PROTECTIVE**
                                      )   **ORDER RE: CONFIDENTIALITY**
15  ELAINE CHAO, SECRETARY OF THE     )
    U.S. DEPARTMENT OF LABOR; U.S.    )
16  DEPARTMENT OF LABOR               )
    EMPLOYMENT STANDARDS              )
17  ADMINISTRATION                    )
                                      )
18                                    )
                Defendants.           )
19  _____  )

20       Subject to the approval of this Court, plaintiff, FRANCISCA MORALEZ, and

21  defendant, ELAINE CHAO, Secretary of the U.S. Department of Labor, and the U.S.

22  DEPARTMENT OF LABOR EMPLOYMENT STANDARDS ADMINISTRATION, by and

23  through their undersigned counsel, hereby stipulate to the following protective order:

24       The parties agree that entry of the following protective order is necessary in order to: (1)

25  facilitate discovery of information without document-by-document controversy concerning

26  confidentiality; (2) protect employees of the Department of Labor from undue annoyance,

27
    STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY
28  C 07-3807 EDL

embarrassment, oppression, burden and expense resulting from public disclosure or use for purposes other than this litigation of confidential information that the parties will disclose in discovery; and (3) avoid violation of the Privacy Act as codified at 5 U.S.C. § 522a. The parties therefore request that the Court enter the following protective order pursuant to Federal Rule of Civil Procedure 26(c).

## STIPULATED ORDER

All documents and/or information obtained in response to discovery requests made under the Federal Rules of Civil Procedure or made pursuant to any disclosure requirement, including initial disclosure requirements, that are contained within any EEO file, medical file, injury compensation file, or any personnel file of any person (the "Documents") shall be subject to the following restrictions:

1.  The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2.  Neither the Documents nor the information contained therein shall be disclosed to anyone other than (a) the attorneys employed by the parties and the attorneys' staff; (b) the parties; (c) third-party witnesses in preparation for their testimony; (d) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (e) the Court in further proceedings herein; (f) stenographic deposition reporters; and (g) other persons whom the parties mutually agree upon in writing;

3.  There shall be no reproduction of the Documents, except that, as required by the litigation, copies, excerpts, or summaries may be shown to those authorized in Paragraph 2;

4.  Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the parties' attorneys of record during the pendency of the litigation;

5.  Upon the termination of this litigation, including all appeals, all of the Documents, including copies, extracts or summaries thereof, produced that pertain to any person other than the plaintiff herein, shall be returned to defendant's counsel and those that pertain to plaintiff

1  shall be returned to plaintiff's counsel.  Notwithstanding this paragraph, however, the parties'

2  attorneys may retain one copy of each pleading and other document filed with the Court that

3  contains any of the Documents covered by this Order.  Furthermore, nothing in this paragraph

4  shall be construed to require the parties' attorneys to turn over any attorney work-product; and

5      6.  This Stipulation and Protective Order is without prejudice to the right of any party to

6  seek modification of it from the Court.  It shall remain in effect until such time as it is modified,

7  amended or rescinded by the Court and shall survive termination of this action.  The

8  Court shall have continuing jurisdiction to modify, amend, or rescind this Stipulation and

9  Protective Order notwithstanding the termination of this action.

10  **IT IS SO STIPULATED.**

11

12                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney
13

14
   June 24, 2008                               _____/s/_____
15                                              ELLEN M. FITZGERALD
                                                Assistant United States Attorney
16                                              *Attorneys for Defendants*

17
                                                LAW OFFICES OF MICHAEL S. SORGEN
18

19
   June 24, 2008                               _____/s/_____
20                                              MICHAEL SORGEN, ESQ.
                                                *Attorney for Plaintiff*
21

22

23  **APPROVED AND SO ORDERED**.

24

25  DATED: _____        _____
                                                ELIZABETH D. LAPORTE
26                                              United States Magistrate Judge

27
   STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIALITY
28 C 07-3807 EDL                      3