1  JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3  ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
4  450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
5  Tel:  (415) 436-7314
Fax: (415) 436-6748
6  E-mail: ellen.fitzgerald@usdoj.gov

7  Attorneys for Defendants

8                      UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  FRANCISCA MORALEZ,                 )
                                       )        Case No. C 07-3807 EDL
12                                     )
             Plaintiff,                )
13                                     )        **DEFENDANTS' NOTICE OF**
                                       )        **MOTION TO COMPEL**
14                                     )        **INDEPENDENT MEDICAL**
    v.                                 )        **EXAMINATIONS OF PLAINTIFF;**
15                                     )        **MEMORANDUM OF POINTS**
    ELAINE CHAO, SECRETARY OF THE      )        **AND AUTHORITIES**
16  U.S. DEPARTMENT OF LABOR; U.S.     )
    DEPARTMENT OF LABOR                )        Date:  July 29, 2008
17  EMPLOYMENT STANDARDS               )        Time: 9 a.m.
    ADMINISTRATION                     )        Courtroom E--15th Floor
18                                     )
                                       )
19           Defendants.              )
    _____)
20

21         PLEASE TAKE NOTICE that, upon the annexed declaration of Ellen M. FitzGerald,

22  dated June 24, 2008 ("FitzGerald Decl."), the accompanying memorandum of points and

23  authorities, and the prior pleadings and proceedings held herein, defendants, Elaine Chao,

24  Secretary of the U.S. Department of Labor, and the U. S. Department of Labor Employment

25  Standards Administration ("defendants"), by and through their undersigned attorneys, will move

26  this Court on July 29, 2008 at 9:00 a.m. or as soon thereafter as counsel can be heard for an order

27  DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF
    PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES
28  C 07-3807 EDL

1  pursuant to Rules 35 and 37 of the Federal Rules of Civil Procedure directing plaintiff to submit

2  to independent medical examinations ("IMEs").

3  <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

4  I.    <u>STATEMENT OF THE CASE</u>

5        This is an action for alleged discrimination in employment in violation of the

6  Rehabilitation Act, 29 U.S.C. § 705 <u>et</u> <u>seq</u>.  By her complaint, plaintiff, Francisca Moralez,

7  alleges that defendants failed to provide reasonable accommodation for her rheumatoid arthritis.

8   As a result of defendants' allegedly discriminatory conduct, plaintiff further claims that the

9  conditions of her employment became so intolerable that she was constructively discharged and

10 forced to retire on disability.  Plaintiff seeks unspecified damages for economic loss, "pain and

11 suffering" and emotional distress.

12       Plaintiff has testified that she sought treatment for her alleged emotional distress from

13 Gail P. Hunt, a licensed clinical social worker.  Ms. Hunt diagnosed plaintiff with the specific

14 psychiatric conditions of acute situational disorder and major depressive disorder.  FitzGerald

15 Decl. Exhibit B).  On or about June 12, 2008, plaintiff's counsel advised that he would designate

16 Ms. Hunt as an expert witness. <u>Id</u>. ¶ 4.

17       Plaintiff is also seeking economic damages based, in part, on the difference between her

18 salary and benefits at the time she was allegedly forced to retire and what she will now receive as

19 a disability pension.  FitzGerald Decl. Exhibit A.  Plaintiff claims that, absent defendant's

20 discriminatory conduct and failure to provide reasonable accommodation, she would have been

21 able to work full-time until retirement at age 65, despite the fact that she suffers from severe

22 degenerative rheumatoid arthritis.  <u>Id</u>.  Plaintiff receives treatment for her rheumatoid arthritis

23 from Marcey Shapiro, M.D.  On or about June 18, 2008, plaintiff's counsel advised that he

24 would designate Dr. Shapiro as an expert witness.  <u>Id</u>. ¶ 8.

25 //

26 //

27 DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF
   PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES

28 C 07-3807 EDL                          2

Counsel for defendant has raised the issue of IMEs with plaintiff's counsel and has tried in good faith to reach agreement on the disputed issue before the Court. See Declaration of Ellen M. FitzGerald, dated June 24, 2008. Plaintiff's counsel will not consent to IMEs. Id. Accordingly, the parties require the Court's intervention to set the appropriate scope of discovery.

II.     LEGAL STANDARD

To compel a mental or physical examination of plaintiff under Rule 35, defendants must show that (1) plaintiff's mental condition is "in controversy" and (2) there is "good cause" for conducting the examination. Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). The "in controversy" and "good cause" requirements are not satisfied by "mere conclusory allegations of the pleadings" but require that defendants make an "affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." 379 U.S. at 118.

Rule 35 is liberally construed in favor of granting discovery. See Turner v. Imperial Stores, 161 F.R.D. 89, 96 (S.D. Cal. 1995); see also Schlagenhauf, 379 U.S. at 114-15 ("'the deposition-discovery rules are to be accorded a broad and liberal treatment,' . . . to effectuate their purpose that 'civil trials in the federal courts no longer need be carried on in the dark.'" (citations omitted)); Simpson v. Univ. of Colorado, 220 F.R.D. 354, 362 (D. Colo. 2004) (Rule 35 is to be construed liberally, in the discretion of the court); Eckman v. Univ. of Rhode Island, 160 F.R.D. 431, 433 (D. R.I. 1995) (Rule 35 is to be construed liberally in favor of granting discovery); Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 106 (E.D. N.C. 1993) (same).

//

//

//

//

DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES
C 07-3807 EDL                                          3

1

<u>ARGUMENT</u>

2

I.    PLAINTIFF'S MENTAL AND PHYSICAL CONDITIONS ARE
      "IN CONTROVERSY"

3

4          In <u>Turner v. Imperial Stores</u>, 161 F.R.D.89 (S.D.Cal. 1995), the court conducted a

5   thorough analysis of the case law and concluded that an order for a mental examination is

6   appropriate where that case involves, in addition to a plaintiff's claim of "emotional distress,"

7   one or more of the following: (1) a cause of action for intentional or negligent infliction of

8   emotional distress; (2) an allegation of a specific mental or psychiatric disorder; (3) a claim of

9   unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of

10  emotional distress; or (5) plaintiff's concession that his or her mental condition is "in

11  controversy" within the meaning of Rule 35.  161 F.R.D. at 95; <u>accord</u> <u>Ford v. Contra Costa</u>

12  <u>County</u>, 179 F.R.D. 579, 580 (N.D. Cal. 1998).

13         Two of the factors necessary to place plaintiff's mental condition "in controversy" and

14  justify a mental examination are present here.  First, plaintiff claims that she sought treatment for

15  specific, severe psychological injuries; that is, acute situational disorder, suicidal thoughts, major

16  depressive disorder, and severe anxiety, as a result of defendant's allegedly discriminatory

17  conduct.  FitzGerald Declaration, Exhibit B.  <u>See</u> <u>Greenhorn v. Marriott Int'l, Inc.</u>, 216 F.R.D.

18  649, 651 (D. Kan. 2003) (finding plaintiff's mental condition "in controversy" when plaintiff

19  alleged specific injuries such as insomnia, severe depression, avoidance, withdrawal, suicidal

20  ideation, suspiciousness, social discomfort, low self-esteem, and resentfulness).

21         Second, plaintiff  intends to rely on the expert testimony of her treating therapist, Gail

22  Hunt, to explain the scope and severity of her alleged psychological injuries at trial. <u>See</u> <u>Lowe v.</u>

23  <u>Philadelphia Newspapers, Inc</u>., 101 F.R.D.296, 298 (E.D. Pa. 1983) (mental exam warranted

24  where plaintiff designated testifying psychiatric expert and received psychiatric care). This is not

25  a "garden-variety" claim for emotional distress damages.  <u>Thiessen v. General Electric Capital</u>

26  <u>Corp</u>., 178 F.R.D. 568, 570 (D. Kan. 1998) (impairment in the ability to function which plaintiff

27  DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF
    PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES

28  C 07-3807 EDL                                    4

1    associates with trauma caused by alleged discrimination goes beyond garden-variety emotional

2    distress).  Under the standard articulated in Turner, plaintiff has put her mental condition in

3    controversy.

4            Although the factors articulated in Turner apply to the determination of whether

5    plaintiff's mental condition is in controversy, a similar analysis reveals that plaintiff has also put

6    her physical condition in controversy.  See Ayat v. Societe Air France, et al., 2007 WL 120358

7    (N.D. Cal. April 16, 2007).  First, plaintiff suffers from a specific disorder.  She has rheumatoid

8    arthritis, a systemic inflammatory disease in which joint damage is center stage, with a

9    background of constitutional and internal manifestations.  Plaintiff claims that because of

10   defendants' allegedly discriminatory failure to provide her with reasonable accommodation, her

11   arthritis "became worse." Complaint ¶ 24.  She alleges that defendants' conduct caused her to

12   experience "excruciating pain" and forced her to take a medical leave. Id.  Second, plaintiff

13   intends to offer the expert testimony of her treating physician, Marcey Shapiro, M.D., on the

14   issue of the development, severity and status of her rheumatoid arthritis.  As such, her physical

15   condition is "in controversy," and defendants are entitled to an IME.

16   II.    GOOD CAUSE EXISTS FOR RULE 35 MENTAL AND PHYSICAL
            EXAMINATIONS
17

18           In Franco v. Boston Scientific Corporation, 2006 WL 3065580 (N.D. Cal. October 27,

19   2006), the court identified the following four factors that courts have considered to determine

20   whether good cause for a Rule 35 examination exists:  (1) the possibility of obtaining desired

21   information by other means; (2) whether plaintiff plans to prove her claim through testimony of

22   expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff claims

23   ongoing emotional distress. Id.

24           Here, the information that defendants will be able obtain from IMEs of plaintiff cannot be

25   obtained by other means.  Defendants' experts will use the requested IMEs to inform their

26   testimony at trial; the opportunity to examine plaintiff in a clinical setting will provide them with

27   
28

1 insights and firsthand impressions that cannot be obtained from reading a cold medical record.

2 Plaintiff, moreover, intends to prove her claims for damages and alleged constructive discharge

3 through the expert testimony of a therapist and a medical doctor who both see plaintiff regularly.

4 IMEs are warranted to adequately scrutinize and rebut the testimony of plaintiff's experts.

5 Finally, the information sought is relevant, indeed critical, to the litigation. Plaintiff

6 seeks damages not only for her alleged emotional distress but also for medical expenses

7 allegedly attributable to defendants' conduct. FitzGerald Decl. Exhibit A. Plaintiff claims that it

8 was defendants' conduct -- the alleged failure to accommodate -- that made her rheumatoid

9 arthritis worse and caused her to suffer extreme physical pain. She also claims economic losses

10 based on her contention that she would have been able to continue working full-time until

11 retirement at age 65. Id. The issue of how long plaintiff reasonably would have been able to

12 work will be disputed at trial. Basic fairness dictates that plaintiff submit to IMEs by

13 defendants' experts, so that they will be in a position to address the assessments of Ms. Hunt and

14 Dr. Shapiro at trial. Without the crucial examinations of plaintiff's emotional and physical

15 conditions, defendant will not be able to properly evaluate the issue of causation and the scope of

16 plaintiff's damages. All these factors militate in favor of a finding of good cause.

17 Thus, based on the principles set forth in Schlagenhauf and Franco, "good cause" exists

18 for physical and mental examinations. Because plaintiff has also placed her mental and physical

19 conditions "in controversy" by alleging she suffered from specific psychological and physical

20 injury and in view of her intention to prove her claims through expert testimony, defendants have

21 met their burden under Rule 35 and mental and physical IMEs of plaintiff are warranted.

22 //

23 //

24 //

25 //

26

27 DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF
PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES

28 C 07-3807 EDL                                    6

1    Defendant requests that the following terms be included in the Court's order pursuant to

2    Rule 35(a)(2)(B):

3    The examiners should be provided latitude to conduct a thorough inquiry,
     including but not limited to evaluation and history of the mental illnesses alleged,
4    past psychiatric history, general medical and surgical history, history of substance
     abuse, inquiry into the patient's psycho-social and developmental history,
5    relationship and marital history, litigation history, educational history, social and
     occupational history, family history, a complete review of symptoms and
6    depressive signs, current living situation, and exploration of other causes for the
     condition.

7
     The examiners should be allowed to conduct recognized and appropriate
8    psychological testing, at the discretion of the examiner. See Jackson v. Entergy
     Operations, Inc., 76 FEP Cases 85,87 (E.D. La. 1998) (Rule 35 does not limit the
9    number of examinations a party may be required to undergo; "psychological
     testing is a routine component of a complete psychiatric exam"). The specific
10   tests to be administered will be revealed at the time of the examination. See
     Ragge v. MCA/;Universal Studios, 165 F.R.D. 605 (C.D. Cal. 1995) (refusing to
11   order defense examiner to disclose in advance the specific psychological tests to
     be administered).

12
     Plaintiff should attend the IMEs alone. The majority of courts disallow the
13   presence of plaintiff's counsel during a Rule 35 examination. Allowing the
     exams to proceed without the distractions of a third person helps to ensure the
14   expert will obtain a valid psychiatric and physical profile. It also prevents an
     unnecessarily adversarial atmosphere and avoids possible conflicts of interest by
15   limiting the potential for plaintiff's counsel to become a witness at trial. See, e.g.,
     Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 324 (N.D. Ga 2000); Breda v.
16   Wolf Camera, Inc., 78 FEP Cases 433, 435 (S.D. Ga. 1998); Lowe v. Philadelphia
     Newspapers, Inc., 101 F.R.D. 296, 299 (E.D. Pa. 1983). See also Wheat v.
17   Biesecker, 125 F.R.D. 479, 480 (N.D. Ind. 1989) (noting that majority rule
     precludes plaintiff's attorney from attending a Rule 35 examination).

18
     Plaintiff should be permitted to coordinate the date and time of the exams directly
19   with Defendants' experts.

20   Plaintiff must schedule the examinations to take place no later than August 15, 2008.

21   //

22   //

23   //

24   //

25   //

26   //

27   DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF
     PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES
28   C 07-3807 EDL                                7

1

<u>CONCLUSION</u>

2
        For all the foregoing reasons, the Court should enter an order compelling plaintiff to

3
submit to independent mental and physical examinations and for such other and further relief as

4
the Court deems just and proper.

5

6
Dated: June 24, 2008

7
                                        Respectfully submitted,

8
                                        JOSEPH RUSSONIELLO
                                        United States Attorney

9

10
                        By:     _____/s/_____
                                ELLEN M. FITZGERALD
11
                                Assistant United States Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
DEFENDANTS' NOTICE OF MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF
PLAINTIFF; MEMORANDUM OF POINTS AND AUTHORITIES
28
C 07-3807 EDL                           8