LAW OFFICES OF
MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco CA 94108

Michael S. Sorgen
Joyce Kawahata
Andrea Adam Brott

Telephone (415) 956-1360
Facsimile (415) 956-6342

June 18, 2008

*By U.S. Mail, Facsimile, and Email*
Ms. Ellen M. FitzGerald, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
450 Golden Gate Ave., 9th Floor
Box 36055
San Francisco, CA 94102-3495

 Re: *Moralez v. Chao, et al.*, C073807 EDL

Dear Ms. Fitzgerald:

### Defendant's Responses to Plaintiff's Written Discovery

 I am committed to maintain a spirit of good faith in the resolution of any discovery disputes. However, I must remind you that good faith cooperation is a two-way street. I was extremely disappointed in your perfunctory response to the plaintiff's first set of Special Interrogatories, which you denominated as a response to a "First Request for Production of Documents." Not only did you spell Ms. Moralez's name wrong in the caption, but your responses consisted in blanket and largely inapplicable objections.

 In no way could it be said that Interrogatory #1 "is vague, overly broad, and unduly burdensome." In fact, the Interrogatory pertains only to five specified individuals, each of whom has asserted a claim of disability discrimination against the defendant. The questions themselves also request very specific and limited information. To the extent that the answers would provide private third-party information, I take heart in your representation on the telephone yesterday that you would provide such information pursuant to a Stipulated Protective Order. The Northern District of California has on its website such a Stipulated Protective Order, see http://www.cand.uscourts.gov/candform.nsf, a copy of which I attach. I think it a bit cumbersome and would prefer to utilize a shorter, simpler form. Please adapt the Northern District form to address the defendant's specific concerns. I would be pleased to review and agree to the Stipulated Order in order to facilitate discovery.

 Interrogatory #2 may be a bit broad to the extent that it appears to apply to all of OFCCP. Therefore, we would be willing to agree that a response as to Region 9 would be adequate, especially since Bill Smitherman is the regional director. We would also agree to the

**EXHIBIT** D

Ms. Ellen M. FitzGerald, Esq.
June 18, 2008
Page 2

applicability of the same Stipulated Protective Order as referred to regarding Interrogatory #1 above.

Let us formulate the appropriate Protective Order within the next several days. I would very much like to have answers to these interrogatories by July 3, 2008, so that I may determine what further depositions I need to take prior to the discovery cut-off of July 18.

### Your Letter of June 16, 2008 Regarding Proposals for Psychiatric and Physical IME

We will by August 1 designate Gail Hunt as an expert therapist and make her available for a deposition. I have left her messages to provide her available dates as soon as possible. However, I do not understand why we cannot set her deposition during expert discovery, which expires August 22. Since that is two weeks after the mediation, we could perhaps save considerable effort and expense. Moreover, having reviewed Ms. Hunt's reports and records, it is clear that she will testify regarding Francisca Moralez's emotional distress caused by the defendant's harsh treatment of her and its refusal to provide her reasonable accommodation. Ms. Hunt will also testify that Ms. Moralez no longer suffers the effects of that treatment. In fact, her emotional distress diminished markedly after she was forced to take the disability retirement and was thereby removed from the hostility of the work environment. Thus, I do not believe that Ms. Moralez's mental condition is still in controversy.

Nor do I believe that the defendant will be able to meet its burden of affirmatively showing good cause and necessity for a psychological examination. If, after you take Gail Hunt's deposition, the defendant still believes that Ms. Moralez's psychological condition is in controversy, we will then consider stipulating as to the appropriate scope, conditions and limitations of such examination.

We have also provided the defendant all the records that we have been able to obtain regarding Ms. Moralez's rheumatoid arthritis and believe that her physical condition is not currently in controversy. You stated that you "will seek an order for a physical IME so that defendant's rheumatologist can render an opinion as to the scope of plaintiff's damages." However, plaintiff's damages are primarily economic in that she was no longer able to perform her job without the reasonable accommodation that defendant denied her and therefore was required to take a disability retirement. We will designate as an expert Ms. Moralez's long-term treating physician, Dr. Marcy Shapiro, and will be glad to make her available for deposition as well. If, after reviewing the records and deposing Dr. Shapiro, defendant still believes that Ms. Moralez's physical condition is in controversy, then we can explore the same issues of scope and limitation as proposed above regarding the psychological IME.

As far as I can see, the only possible relevance of Ms. Moralez's physical condition would be after the defendant makes an offer as to reinstatement to a position within the Department of Labor. Then, pursuant to a standard of business necessity, it would seem

Ms. Ellen M. FitzGerald, Esq.
June 18, 2008
Page 3

reasonable for defendant to examine Ms. Moralez's ability to perform the essential functions of that particular position and to determine what reasonable accommodations will be required for her to do so.

### Continued Deposition of Ms. Moralez

Since you did not have the medical records at the time of the second day of Ms. Moralez's deposition, I think it fair that you be permitted to take her third day of deposition for not more than three and a half hours on July 3, 2008, at 10:00AM. Pursuant to your representation at the last deposition, the scope of the additional deposition will be limited to questions about the medical records that you have now had an opportunity to review.

### Conclusion

Please contact me for further discussion of the above. Thank you for your continuing professional courtesy and cooperation.

Very truly yours,

Michael S. Sorgen

Enclosure
MSS/sm
cc: Francisca Moralez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|                      |                            |
|----------------------|----------------------------|
| Plaintiff,           | No. C                      |
| v.                   | STIPULATED PROTECTIVE ORDER |
| Defendant.           |                            |

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1

## 2. DEFINITIONS

2.1  <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3  <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4  <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6  <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.  <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8  <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9.  <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10  <u>House Counsel</u>: attorneys who are employees of a Party.

2.11  <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 **Professional Vendors**: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1 *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material,

3

1  documents, items, or communications for which protection is not warranted are not swept
2  unjustifiably within the ambit of this Order.
3           Mass, indiscriminate, or routinized designations are prohibited. Designations that are
4  shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to
5  unnecessarily encumber or retard the case development process, or to impose unnecessary expenses
6  and burdens on other parties), expose the Designating Party to sanctions.
7           If it comes to a Party's or a non-party's attention that information or items that it
8  designated for protection do not qualify for protection at all, or do not qualify for the level of
9  protection initially asserted, that Party or non-party must promptly notify all other parties that it is
10 withdrawing the mistaken designation.
11          5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order
12 (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material
13 that qualifies for protection under this Order must be clearly so designated before the material is
14 disclosed or produced.
15          Designation in conformity with this Order requires:
16              (a) <u>for information in documentary form</u> (apart from transcripts of depositions
17 or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
18 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that
19 contains protected material. If only a portion or portions of the material on a page qualifies for
20 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
21 appropriate markings in the margins) and must specify, for each portion, the level of protection being
22 asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
23 ONLY").
24              A Party or non-party that makes original documents or materials available for
25 inspection need not designate them for protection until after the inspecting Party has indicated which
26 material it would like copied and produced. During the inspection and before the designation, all of
27 the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
28 ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

1  copied and produced, the Producing Party must determine which documents, or portions thereof,
2  qualify for protection under this Order, then, before producing the specified documents, the
3  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
4  CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected
5  Material. If only a portion or portions of the material on a page qualifies for protection, the
6  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
7  markings in the margins) and must specify, for each portion, the level of protection being asserted
8  (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").
9  (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>
10  that the Party or non-party offering or sponsoring the testimony identify on the record, before the
11  close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
12  portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
13  ONLY." When it is impractical to identify separately each portion of testimony that is entitled to
14  protection, and when it appears that substantial portions of the testimony may qualify for protection,
15  the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before
16  the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific
17  portions of the testimony as to which protection is sought and to specify the level of protection being
18  asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").
19  Only those portions of the testimony that are appropriately designated for protection within the 20
20  days shall be covered by the provisions of this Stipulated Protective Order.
21  Transcript pages containing Protected Material must be separately bound by
22  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or
23  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-
24  party offering or sponsoring the witness or presenting the testimony.
25  (c) <u>for information produced in some form other than documentary, and for</u>
26  <u>any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the
27  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or
28  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

5

1  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected
2  portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys'
3  Eyes Only."

4      5.3 **Inadvertent Failures to Designate.** If timely corrected, an inadvertent failure to
5  designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes
6  Only" does not, standing alone, waive the Designating Party's right to secure protection under this
7  Order for such material. If material is appropriately designated as "Confidential" or "Highly
8  Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,
9  on timely notification of the designation, must make reasonable efforts to assure that the material is
10 treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1 **Timing of Challenges.** Unless a prompt challenge to a Designating Party's
confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its
right to challenge a confidentiality designation by electing not to mount a challenge promptly after the
original designation is disclosed.

    6.2 **Meet and Confer.** A Party that elects to initiate a challenge to a Designating
Party's confidentiality designation must do so in good faith and must begin the process by conferring
directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for
the Designating Party. In conferring, the challenging Party must explain the basis for its belief that
the confidentiality designation was not proper and must give the Designating Party an opportunity to
review the designated material, to reconsider the circumstances, and, if no change in designation is
offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next
stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3 **Judicial Intervention.** A Party that elects to press a challenge to a confidentiality
designation after considering the justification offered by the Designating Party may file and serve a

6

06/18/2008  15:44   415-956-6342           MICHAEL SORGEN                PAGE  10/28

motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 **Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 **Disclosure of "CONFIDENTIAL" Information or Items**. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

1  the "Agreement to Be Bound by Protective Order" (Exhibit A);
2  (c) experts (as defined in this Order) of the Receiving Party to whom
3  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
4  Bound by Protective Order" (Exhibit A);
5  (d) the Court and its personnel;
6  (e) court reporters, their staffs, and professional vendors to whom disclosure is
7  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
8  Protective Order" (Exhibit A);
9  (f) during their depositions, witnesses in the action to whom disclosure is
10 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
11 (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal
12 Protected Material must be separately bound by the court reporter and may not be disclosed to
13 anyone except as permitted under this Stipulated Protective Order.
14 (g) the author of the document or the original source of the information.
15 7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
16 Information or Items. Unless otherwise ordered by the court or permitted in writing by the
17 Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY
18 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:
19 (a) the Receiving Party's Outside Counsel of record in this action, as well as
20 employees of said Counsel to whom it is reasonably necessary to disclose the information for this
21 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached
22 hereto as Exhibit A;
23 [(b) – *Optional – as deemed appropriate in case-specific circumstances*:
24 House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in
25 patent prosecutions involving _____ [specify subject matter areas], (2) to whom
26 disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be
27 Bound by Protective Order" (Exhibit A);
28 (c) Experts (as defined in this Order) (1) to whom disclosure is reasonably

8

1  necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"
2  (Exhibit A), [*Optional:* and (3) as to whom the procedures set forth in paragraph 7.4, below, have
3  been followed];
4              (d) the Court and its personnel;
5              (e) court reporters, their staffs, and professional vendors to whom disclosure is
6  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by
7  Protective Order" (Exhibit A); and
8              (f) the author of the document or the original source of the information.
9  [ *Optional:* 7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
10 ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>
11             (a) Unless otherwise ordered by the court or agreed in writing by the
12 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any
13 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14 ONLY" first must make a written request to the Designating Party that (1) identifies the specific
15 HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the
16 Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary
17 residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current
18 employer(s), (5) identifies each person or entity from whom the Expert has received compensation for
19 work in his or her areas of expertise or to whom the expert has provided professional services at any
20 time during the preceding five years, and (6) identifies (by name and number of the case, filing date,
21 and location of court) any litigation in connection with which the Expert has provided any
22 professional services during the preceding five years.
23             (b) A Party that makes a request and provides the information specified in the
24 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,
25 within seven court days of delivering the request, the Party receives a written objection from the
26 Designating Party. Any such objection must set forth in detail the grounds on which it is based.
27             (c) A Party that receives a timely written objection must meet and confer with
28 the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

1  agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may
2  file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if
3  applicable) seeking permission from the court to do so. Any such motion must describe the
4  circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is
5  reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any
6  additional means that might be used to reduce that risk. In addition, any such motion must be
7  accompanied by a competent declaration in which the movant describes the parties' efforts to resolve
8  the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets
9  forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.
10              In any such proceeding the Party opposing disclosure to the Expert shall bear
11  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards
12  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

14  8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
15  LITIGATION.
16              If a Receiving Party is served with a subpoena or an order issued in other litigation
17  that would compel disclosure of any information or items designated in this action as
18  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the
19  Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and
20  in no event more than three court days after receiving the subpoena or order. Such notification must
21  include a copy of the subpoena or court order.
22              The Receiving Party also must immediately inform in writing the Party who caused the
23  subpoena or order to issue in the other litigation that some or all the material covered by the
24  subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must
25  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
26  caused the subpoena or order to issue.
27              The purpose of imposing these duties is to alert the interested parties to the existence
28  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

### 11. FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned

11

or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

    12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    12.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____    _____
                                        Attorneys for Plaintiff

DATED: _____    _____
                                        Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____    _____
                                        [name of judge]
                                        United States District/Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [Insert formal name of the case and the number and initials assigned to it by the court]. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
              [signature]

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  OWEN P. MARTIKAN (SBN 177104)
   Assistant United States Attorney
4
       450 Golden Gate Avenue, 10th Floor
5      San Francisco, California 94102-3495
       Telephone: (415) 436-7241
6      Facsimile:  (415) 436-6748
       Email: owen.martikan@usdoj.gov
7
   Attorneys for defendants USA and DOT
8

*Handwritten note:* Ellen — This is a simpler form that we might adapt for Morales. Michael Sorgen

9                UNITED STATES DISTRICT COURT
10              NORTHERN DISTRICT OF CALIFORNIA
11                  SAN FRANCISCO DIVISION

12  CHRISTINA M. LESTER,              )  No. C 04-3074 SI
                                      )  E-FILING CASE
13                  Plaintiff,        )
                                      )
14          v.                        )
                                      )  [PROPOSED] STIPULATED PROTECTIVE
15  JAMES SILK, the UNITED STATES OF  )  ORDER
    AMERICA, and NORMAN Y. MINETA,    )
16  Secretary of the U.S. Department of )
    Transportation,                   )
17                                    )
                    Defendants.       )
18                                    )

19

20     Subject to the approval of this Court, plaintiff Christina Lester and defendants James Silk,

21  the United States of America, and Norman Mineta, in his official capacity as Secretary of the U.S.

22  Department of Transportation, by and through their undersigned counsel, hereby stipulate to the

23  following protective order:

24     WHEREAS, the parties agree that entry of the following protective order is necessary to:

25  (1) facilitate discovery of information without a document-by-document controversy concerning

26  confidentiality; (2) protect plaintiffs, defendants, the U.S. Department of Transportation, and the

27  United States of America from undue annoyance, embarrassment, oppression, burden, and expense

28  resulting from public disclosure or use for purposes other than this litigation of confidential

[PROPOSED] STIPULATED PROTECTIVE ORDER
DOCKET NO. C 04-3074 SI

1  information that the parties will disclose in discovery; and (3) avoid violation of the Privacy Act as
2  codified at 5 U.S.C. §522a.
3       THEREFORE, the parties therefore request that the Court enter the following protective
4  order pursuant to Federal Rule of Civil Procedure 26(c).

## STIPULATED ORDER

All medical records or other personal or private documents obtained from plaintiffs or defendants and all personnel and training documents or materials of the U.S. Department of Transportation, the United States of America, or any agent or employee thereof obtained from defendants, or any document marked "Confidential" by either party (collectively, "Documents"), whether produced in response to discovery requests or other disclosures under the Federal Rules of Civil Procedure, are subject to the following restrictions:

1. The Documents and the information contained therein shall be used only for purposes of this litigation and not for any other purpose;

2. Neither the Documents nor the information contained therein shall be disclosed or provided to anyone other than (a) plaintiffs' attorneys and staff; (b) defendants' attorneys and staff; (c) the parties; (d) actual or potential third-party witnesses and their attorneys; (e) outside experts or consultants retained by any of the parties or their counsel for purposes of this litigation; (f) the Court in further proceedings herein; (g) stenographic deposition reporters for purposes of depositions in this action; and (h) other persons whom the parties mutually agree upon in writing.

3. There shall be no reproduction of the Documents except as required by the litigation. Copies, excerpts, or summaries of the Documents may be shown to those authorized in Paragraph 2 for purposes of their involvement in this case.

4. Except as otherwise provided in Paragraphs 2 and 3, all of the Documents shall remain in the custody of the parties' attorneys of record during the pendency of the litigation.

5. Within 30 days of the termination of this proceeding and the expiration of all time for appeal, all of the Documents, including copies, extracts or summaries thereof, shall be destroyed or returned to counsel for the producing party. Notwithstanding this paragraph, however, the parties' attorneys may retain one copy of each pleading and other document filed

[PROPOSED] STIPULATED PROTECTIVE ORDER
DOCKET NO. C 04-3074 SI                    2

Printed with FinePrint - purchase at www.fineprint.com

1  with the Court that contains any of the Documents covered by this Order. Furthermore, nothing in
2  this paragraph shall be construed to require the parties' attorneys to turn over any attorney work-
3  product.
4       6.   Any filings with the Court that include any of the Documents, or any excerpts or
5  summaries of the Documents, or any description of the contents of the Documents, shall be filed
6  under seal in accordance with the Local Rules of this District.
7       7.   This Stipulated Protective Order is without prejudice to the right of any party to
8  seek modification of it from the Court. It shall remain in effect until such time as it is modified,
9  amended or rescinded by the Court and shall survive termination of this action. The Court shall
10 have continuing jurisdiction to modify, amend, or rescind this Stipulated Protective Order
11 notwithstanding the termination of this action.
12 SO STIPULATED.

14 DATED: June 23, 2006                    Respectfully submitted,

15                                         KEVIN V. RYAN
                                           United States Attorney

18                                         OWEN P. MARTIKAN
                                           Assistant United States Attorney
19                                         Attorneys for Defendants USA and DOT

21 DATED: June 23, 2006                    LAW OFFICES OF ROBERT E. GREELEY

24                                         ROBERT E. GREELEY
                                           Attorney for Plaintiff

[PROPOSED] STIPULATED PROTECTIVE ORDER
DOCKET NO. C 04-3074 SI                    3

Printed with FinePrint - purchase at www.fineprint.com

| | | |
|---|---|---|
| 1 | DATED: June 23, 2006 | LAW OFFICES OF CRAIG S. FOX |
| 3 | | |
| 4 | | CRAIG S. FOX<br>Attorney for Defendant James Silk |
| 6 | **APPROVED AND SO ORDERED.** | |
| 8 | DATED: _____ | SUSAN ILLSTON<br>United States District Judge |

[PROPOSED] STIPULATED PROTECTIVE ORDER
DOCKET NO. C 04-3074 SI                    4

Printed with FinePrint - purchase at www.fineprint.com