Michael S. Sorgen (State Bar No. 43107)
Joyce Kawahata (State Bar No. 113159)
Catherine A. Vais (State Bar No. 251253)
LAW OFFICES OF MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco, CA 94108
Telephone:     (415) 956-1360
Facsimile:     (415) 956-6342

Attorney for Plaintiff
FRANCISCA MORALEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ, <br><br> Plaintiff, <br><br> vs. <br><br> ELAINE L. CHAO, SECRETARY OF THE U.S. DEPARTMENT OF LABOR; U.S. DEPARTMENT OF LABOR, EMPLOYMENT STANDARDS ADMINISTRATION <br><br> Defendants. | Case No.: C 07-3807 (EDL) <br><br> **DECLARATION OF MICHAEL S. SORGEN IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL MEDICAL EXAMINATIONS OF PLAINTIFF** <br><br> Date: August 12, 2008 <br> Time: 9:30 a.m. <br> Courtroom E – 15th Floor |

I, MICHAEL S. SORGEN, declare and state:

1.     I am an attorney licensed to practice law in the State of California and am lead counsel for the plaintiff in the above-entitled matter.  I make this Declaration based on my own personal knowledge, and if called upon to do so, could and would competently testify to the contents hereof.

2.     Throughout the discovery period, counsel for defendant has requested that plaintiff sign an open-ended release of *all* medical and psychological records from January 2001 to the present and that she submit to defense medical examinations ("DMEs").  Defendant served plaintiff with written discovery requests and an authorization for the release of mental health information on December 14, 2007.  Defendant received plaintiff's responses to the discovery

1    requests on or about January 28, 2008.  Nevertheless, counsel for defendant continued to indicate

2    on several occasions her intention to submit Ms. Moralez to DMEs.  In my March 18, 2008 letter

3    to defendant's counsel, a true and correct copy of which I attach hereto as Exhibit 1, I explained

4    that as the only medical information pertinent to this lawsuit is that surrounding plaintiff's

5    rheumatoid arthritis, there was no need for such a broad intrusion into plaintiff's medical privacy.

6          3.       We have furnished defendant the name, address and telephone number of every

7    health care provider who has provided medical treatment, therapy, analysis or care for plaintiff's

8    rheumatoid arthritis, the records from Dr. Marcey Shapiro, plaintiff's treating physician since

9    2000 regarding treatment by her and by other healthcare providers for plaintiff's rheumatoid

10   arthritis, and the records and a clinical summary from Gail Hunt, plaintiff's treating therapist since

11   February 2, 2006.

12         4.       On May 19, 2008, I provided counsel for the defendant with Ms. Moralez's

13   medical records from Dr. Theresa Hong, Gail Hunt, Dr. Len Saputo, Dr. Norm Shealy, Dr. Brian

14   Kaye, and San Leandro Hospital (Bates 000127-000230).

15         5.       On June 12, 2008, I provided defendant's counsel with additional medical records

16   (Bates 000231-000289), which included progress reports and evaluations from Physical Therapy

17   Innovations, Dr. Susan von Bergen, and VibrantCare Rehabilitation, redacting only the portions

18   which were unrelated to rheumatoid arthritis.

19         6.       On June 13, 2008, I provided counsel for the defendant with progress reports and

20   evaluations from John Nieters (Bates 000290-000307).

21         7.       At this time, we have provided counsel for defendant with all available and relevant

22   medical information.  Ms. Moralez's third day of deposition was taken on July 3, 2008, on the

23   subject of her medical treatment and records.  Gail Hunt is scheduled to be deposed on August 1,

24   where she will describe her treatment and diagnosis of plaintiff and will discuss her clinical

25   summary and report.  I have offered defendant a deposition of Dr. Marcey Shapiro, which

26   defendant's counsel has deferred until the time for expert discovery.  As counsel for defendant is

27   in possession of all relevant medical records and will have deposition testimony thereon, its

28   experts can review and testify about all relevant medical issues.

Sorgen Declaration  in Opp. to D's Mot. to Compel IME
Case No. C073807 ED                                                                                  2

1    8.    On June 16, 2008, defendant's counsel sent me a letter informing me again of her

2    intention to seek an order compelling Ms. Moralez to submit to DMEs and her intention to seek

3    an order shortening the time for the Court to hear the motion or, in the alternative, for an

4    extension of the expert discovery deadline to allow defendant's experts to conduct the DMEs. A

5    true and correct copy of this letter is attached hereto as Exhibit 2.

6    9.    In my letter dated June 18, 2008, I informed counsel for the defendant that, in light

7    of our having provided all relevant medical records and deposition testimony, there was not yet

8    good cause for the DMEs.  I made clear that if, after reviewing the records and deposing Gail

9    Hunt and Dr. Shapiro, defendant still believes that Ms. Moralez's psychological and physical

10   conditions are in controversy, we would consider stipulating as to the appropriate scope,

11   conditions and limitations of such examination.  Prior to that time, an order compelling DMEs

12   would be premature. A true and correct copy of my letter is attached hereto as Exhibit 3.

13

14   I declare under penalty of perjury under the laws of the State of California that the

15   foregoing is true and correct.  Executed this 22nd day of July, 2008 at San Francisco, California.

16

17   _____/s/_____

18   MICHAEL S. SORGEN

19

20

21

22

23

24

25

26

27

28

Sorgen Declaration  in Opp. to D's Mot. to Compel IME
Case No. C073807 ED                                                                    3