LAW OFFICES OF
MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco CA 94108

Michael S. Sorgen
Joyce Kawahata
Andrea Adam Brott

Telephone (415) 956-1360
Facsimile (415) 956-6342

March 18, 2008

*By U.S. Mail and Email*
Ms. Ellen M. FitzGerald, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
450 Golden Gate Ave., 9th Floor
Box 36055
San Francisco, CA 94102-3495

    Re: *Moralez v. Chao, et al.*, C073807 EDL-Your HIPPA Medical and Psychological Records Release

Dear Ms. Fitzgerald:

    Twice now, the defendant has requested that Ms. Moralez sign an open-ended release of all medical and psychological information from January 2001 to the present. The defendant has also indicated its intention to subpoena all such records and to submit Ms. Moralez to an independent medical examination ("IME"). Ms Moralez refuses to sign any broad-based authorization for such incursion into her medical records. Since 2001, she has been treated for various unrelated medical conditions. The only issues relevant to the law suit are (1) the status and development of her rheumatoid arthritis and related conditions to determine the efficacy of the reasonable accommodations she requested and was denied and to assess how long the plaintiff could reasonably have expected work had she been afforded a reasonable accommodation; (2) the extent to which she experienced emotional distress as a result of the hostile and discriminatory environment at OFCCP and/or their refusal to provide her the requested reasonable accommodation.

    Thus the plaintiff disclosed, in response to interrogatory number 1 only the identity of Dr. Marcey Shapiro, M.D. her treating physician since 2000. We will list in chronological order in Exhibit 11 to the Mediation Statement the name, address and telephone number of each other health care provider who has provided medical treatment, therapy, analysis or care for her rheumatoid arthritis. In Exhibit 11, we will also voluntarily disclose (without a waiver of any privilege) records from Dr. Shapiro's files regarding treatment by her and by other healthcare providers for Plaintiff's rheumatoid arthritis.

    Gail P. Hunt, LCSW, BCD, Ms. Moralez's treating therapist since February 2, 2006 has provided a clinical summary which is attached to the Mediation Statement as Exhibit 10. Ms.

EXHIBIT \_\_1\_\_

Exhibit 1



# U.S. Department of Justice

*United States Attorney*
*Northern District of California*

---

*11th Floor, Federal Building*        (415) 436-7200
*450 Golden Gate Avenue, Box 36055*
*San Francisco, California 94102-3495*        FAX: (415) 436-7234

June 16, 2008

<u>VIA TELEFAX (415) 956-6342</u>
Michael S. Sorgen, Esq.
Law Offices of Michael S. Sorgen
240 Stockton Street, 9th Floor
San Francisco, CA 94108

    Re:   Moralez v. Chao
           <u>Case No. C 07-3807 EDL</u>

Dear Mr. Sorgen:

    I called you this morning, and your secretary indicated that you were in the office but directed me to your voicemail. I left a message but I have not heard back from you.

    The purpose of my call was to inform you that I intend to seek an order from the Court directing that Ms. Moralez submit to physical and mental IMEs. When we spoke last Thursday, you indicated that you will be designating Gail Hunt, Ms. Moralez's therapist, as an expert witness. Under the circumstances, basic fairness dictates that plaintiff submit to a psychiatric evaluation by defendant's expert so that he will be in a position to form his own well-informed opinion and address Ms. Hunt's assessment at trial. Also, I will seek an order for a physical IME so that defendant's rheumatologist can render an opinion as to the scope of plaintiff's damages.

    Given that the deadline for expert disclosure is August 1, 2008, I will also seek an order shortening the time for the Court to hear the motion or, in the alternative, for a brief extension of the expert discovery deadline for the limited purpose of allowing defendant's experts to conduct the IMEs and complete their reports.

    After the mediation session, you stated that plaintiff would not submit to an IME, and when we discussed the issue of IMEs before the May 13, 2008, case management conference, you again stated that you would not consent to an IME. As you know, I am obligated under the Federal and Local Civil Rules to contact you and inquire as to whether we can resolve this discovery dispute without Court intervention. Please contact me at 415-436-7314. I will be in the office for the rest of the day and tomorrow.

**EXHIBIT   2**

Exhibit 2

June 16, 2008
Page Two

    I look forward to discussing this issue with you. However, because time is of the essence, if I do not hear from you by the close of business on Tuesday, June 17, 2008, I will proceed with filing the motions.

                          Very truly yours,

                          JOSEPH P. RUSSONIELLO
                          United States Attorney

By: *[signature]*
                          ELLEN M. FITZGERALD
                          Assistant United States Attorney

LAW OFFICES OF
# MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco CA 94108

Michael S. Sorgen
Joyce Kawahata
Andrea Adam Brott

Telephone (415) 956-1360
Facsimile (415) 956-6342

June 18, 2008

*By U.S. Mail, Facsimile, and Email*
Ms. Ellen M. FitzGerald, Esq.
Assistant U.S. Attorney
U.S. Attorney's Office
450 Golden Gate Ave., 9th Floor
Box 36055
San Francisco, CA 94102-3495

Re: *Moralez v. Chao, et al.*, C073807 EDL

Dear Ms. Fitzgerald:

### Defendant's Responses to Plaintiff's Written Discovery

I am committed to maintain a spirit of good faith in the resolution of any discovery disputes. However, I must remind you that good faith cooperation is a two-way street. I was extremely disappointed in your perfunctory response to the plaintiff's first set of Special Interrogatories, which you denominated as a response to a "First Request for Production of Documents." Not only did you spell Ms. Moralez's name wrong in the caption, but your responses consisted in blanket and largely inapplicable objections.

In no way could it be said that Interrogatory #1 "is vague, overly broad, and unduly burdensome." In fact, the Interrogatory pertains only to five specified individuals, each of whom has asserted a claim of disability discrimination against the defendant. The questions themselves also request very specific and limited information. To the extent that the answers would provide private third-party information, I take heart in your representation on the telephone yesterday that you would provide such information pursuant to a Stipulated Protective Order. The Northern District of California has on its website such a Stipulated Protective Order, see http://www.cand.uscourts.gov/candform.nsf, a copy of which I attach. I think it a bit cumbersome and would prefer to utilize a shorter, simpler form. Please adapt the Northern District form to address the defendant's specific concerns. I would be pleased to review and agree to the Stipulated Order in order to facilitate discovery.

Interrogatory #2 may be a bit broad to the extent that it appears to apply to all of OFCCP. Therefore, we would be willing to agree that a response as to Region 9 would be adequate, especially since Bill Smitherman is the regional director. We would also agree to the

**EXHIBIT 3**

Exhibit 3

Ms. Ellen M. FitzGerald, Esq.
June 18, 2008
Page 2

applicability of the same Stipulated Protective Order as referred to regarding Interrogatory #1 above.

Let us formulate the appropriate Protective Order within the next several days. I would very much like to have answers to these interrogatories by July 3, 2008, so that I may determine what further depositions I need to take prior to the discovery cut-off of July 18.

**Your Letter of June 16, 2008 Regarding Proposals for Psychiatric and Physical IME**

We will by August 1 designate Gail Hunt as an expert therapist and make her available for a deposition. I have left her messages to provide her available dates as soon as possible. However, I do not understand why we cannot set her deposition during expert discovery, which expires August 22. Since that is two weeks after the mediation, we could perhaps save considerable effort and expense. Moreover, having reviewed Ms. Hunt's reports and records, it is clear that she will testify regarding Francisca Moralez's emotional distress caused by the defendant's harsh treatment of her and its refusal to provide her reasonable accommodation. Ms. Hunt will also testify that Ms. Moralez no longer suffers the effects of that treatment. In fact, her emotional distress diminished markedly after she was forced to take the disability retirement and was thereby removed from the hostility of the work environment. Thus, I do not believe that Ms. Moralez's mental condition is still in controversy.

Nor do I believe that the defendant will be able to meet its burden of affirmatively showing good cause and necessity for a psychological examination. If, after you take Gail Hunt's deposition, the defendant still believes that Ms. Moralez's psychological condition is in controversy, we will then consider stipulating as to the appropriate scope, conditions and limitations of such examination.

We have also provided the defendant all the records that we have been able to obtain regarding Ms. Moralez's rheumatoid arthritis and believe that her physical condition is not currently in controversy. You stated that you "will seek an order for a physical IME so that defendant's rheumatologist can render an opinion as to the scope of plaintiff's damages." However, plaintiff's damages are primarily economic in that she was no longer able to perform her job without the reasonable accommodation that defendant denied her and therefore was required to take a disability retirement. We will designate as an expert Ms. Moralez's long-term treating physician, Dr. Marcy Shapiro, and will be glad to make her available for deposition as well. If, after reviewing the records and deposing Dr. Shapiro, defendant still believes that Ms. Moralez's physical condition is in controversy, then we can explore the same issues of scope and limitation as proposed above regarding the psychological IME.

As far as I can see, the only possible relevance of Ms. Moralez's physical condition would be after the defendant makes an offer as to reinstatement to a position within the Department of Labor. Then, pursuant to a standard of business necessity, it would seem

Ms. Ellen M. FitzGerald, Esq.
June 18, 2008
Page 3

reasonable for defendant to examine Ms. Moralez's ability to perform the essential functions of that particular position and to determine what reasonable accommodations will be required for her to do so.

### Continued Deposition of Ms. Moralez

Since you did not have the medical records at the time of the second day of Ms. Moralez's deposition, I think it fair that you be permitted to take her third day of deposition for not more than three and a half hours on July 3, 2008, at 10:00AM. Pursuant to your representation at the last deposition, the scope of the additional deposition will be limited to questions about the medical records that you have now had an opportunity to review.

### Conclusion

Please contact me for further discussion of the above. Thank you for your continuing professional courtesy and cooperation.

Very truly yours,

Michael S. Sorgen

Enclosure
MSS/sm
cc: Francisca Moralez