JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
ELLEN M. FITZGERALD (NY 2408805)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, CA 94102-3495
Tel: (415) 436-7314
Fax: (415) 436-6748
E-mail: ellen.fitzgerald@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ELAINE CHAO, SECRETARY OF THE U.S. DEPARTMENT OF LABOR; U.S. DEPARTMENT OF LABOR EMPLOYMENT STANDARDS ADMINISTRATION<br><br>　　　　Defendants. | Case No. C 07-3807 EDL<br><br>**DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL INDEPENDENT MENTAL AND PHYSICAL EXAMINATIONS OF PLAINTIFF**<br><br>Date: August 24, 2008<br>Time: 9:00 a.m.<br>Courtroom E--15th Floor |

**PRELIMINARY STATEMENT**

Defendants, by and through their undersigned attorneys, submit this reply memorandum of law in further support of their motion pursuant to Fed. R. Civ. Pro. 35(a) to compel independent mental and physical examinations ("IME") of plaintiff. As set forth more fully below, none of the arguments raised by plaintiff in her opposition to defendants' motion can refute defendants' claim that plaintiff's mental and physical conditions are both in controversy

and good cause exists to justify an order for IMEs.

## ARGUMENT

### I. PLAINTIFF'S MENTAL CONDITION IS "IN CONTROVERSY"

The Ninth Circuit follows the analysis in <u>Turner v. Imperial Stores</u>, 161 F.R.D. 89 (S.D. Cal. 1995), to determine when one's mental condition is "in controversy." From an extensive review of the case law, the <u>Turner</u> court determined that the presence of just *one* of the five following factors in addition to an emotional distress allegation is sufficient to place one's mental condition "in controversy." <u>Id.</u> at 95. The factors are (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; or (5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a). <u>Id.</u>

Here, two of the four <u>Turner</u> factors are present: plaintiff has alleged that she suffered from specific, serious psychiatric disorders, and she intends to prove her claim of emotional distress to the trier of fact through the expert testimony of her treating therapist. In her opposition, plaintiff argues her alleged mental distress is not an "ongoing" condition and that "ongoing" emotional distress is a prerequisite for an order directing a party to submit to IME. Pl.'s Mem., 4:22-23. However, plaintiff's supporting cases merely establish that an "ongoing" mental condition is a consideration in determining when to grant a mental IME. <u>See</u>, <u>e.g.</u>, <u>Jansen v. Packaging Corp. of Am.</u>, 158 F.R.D. 409, 410-11 (N.D. Ill. 1994) (holding that a mental injury is asserted when a plaintiff alleges a permanent or ongoing mental disorder or emotional distress). In <u>Jansen</u>, the court did not establish the converse, that the lack of a permanent mental disorder precludes one's mental state from being "in controversy." <u>Id.</u> Importantly, plaintiff cites no case in which a plaintiff's alleged mental injury satisfies the <u>Turner</u> standard, but is not ongoing.

Furthermore, plaintiff does not cite to any cases where the court has denied a motion to

DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL
INDEPENDENT MENTAL AND PHYSICAL EXAMINATIONS OF PLAINTIFF
C 07-3807 EDL                                                    2

compel IMEs where a Turner factor has been met. See Curtis v. Express, Inc., 868 F.Supp 467, 468 (N.D.N.Y. 994) ("[Plaintiff] does not allege any psychological disorder and will not offer expert testimony regarding her mental health at trial."); Benchmaster, Inc. v. Kawaelde, 107 F.R.D. 752, 754 (E.D. Mich. 1985) (same).

Plaintiff's characterization of her alleged emotional distress as "garden-variety" so that "a trier of fact does not need an expert to help understand normal reactions of grief, anxiety, anger, and frustration that any person feels when something bad occurs" is wholly at odds with the clinical summary provided by her treating therapist, Gail Hunt, which documents serious physiological disorders, including severe depression, anxiety, and suicidal thoughts. FitzGerald Declaration, Exhibit B. There is no dispute that plaintiff's alleged distress was severe enough that she sought treatment from a therapist, and she intends to rely on the therapist's expert testimony to document and explain her clinical diagnosis. It is manifestly unfair for her to claim only "garden variety," past emotional distress for purposes of preventing a legitimate IME while, at the same time, designating her treating therapist to testify at trial about the clinical diagnosis of severe psychiatric disorders to substantiate her claim for $100,000 in damages for emotional distress.

Plaintiff's argument that the "hybrid fact/expert witness" is not the expert witness contemplated in the Turner case is unavailing. First, the only case upon which plaintiff relies discusses the expert testimony of treating physicians in the context of expert disclosures under Rule 26, not IMEs under Rule 35. Second, to the trier of fact, the distinction between a treating physician/expert and a non-treating physician/expert is of little significance. What is important is that the jury will hear the testimony of Ms. Hunt as an *expert* who, based on her credentials and experience, will be permitted to give testimony about the characteristics and severity of plaintiff's alleged emotional distress. Under the circumstances, defendants are entitled to a reasonable opportunity to give the jury another perspective by challenging plaintiff's claim and the expert testimony of her therapist. The testimony of an opposing expert is a well-recognized

1  way of accomplishing this, and defendants' expert must be able conduct an IME to form a
2  comprehensive opinion.  Finally, a psychiatrist or physician can provide a retrospective opinion
3  of plaintiff's condition even though he/she did not examine plaintiff until after the condition
4  allegedly resolved.  See Boyd v. Heckler, 704 F.2d 1207, 1211 (11th Cir. 1983).

5  Where, as here, plaintiff's alleged emotional distress is unusually severe and alleged in
6  clinical terms (i.e. acute situational disorder, suicidal ideation, major depressive disorder and
7  severe anxiety disorder) and where plaintiff intends to rely on expert testimony to explain the
8  unusually severe distress she allegedly experienced as a result of defendants' conduct,
9  defendants have met their burden of showing that plaintiff's mental condition is "in
10 controversy."  Turner, 161 F.R.D. at 95. Fox v. Gates Corp., 179 F.R.D. 303, 307 (D. Colo.
11 1998)(IME warranted where alleged emotional distress is severe, requires an expert to explain,
12 or is described in clinical terms);  McKitis v. Defazio, 187 F.R.D. 225, 227 (D.Md. 1999)(noting
13 that plaintiff's intent to present expert medical evidence supported Court's decision to require
14 plaintiff to undergo medical examination).

## II.     PLAINTIFF'S PHYSICAL CONDITION IS "IN CONTROVERSY"

16 Plaintiff concedes that an independent physical examination may be warranted, but
17 claims that it would be "premature" at this time.  Pl.'s Mem., 7:16-28, 8:1-3.  An IME of
18 plaintiff's rheumatoid arthritis is not premature for several reasons.  First, plaintiff's rheumatoid
19 arthritis lies at the crux of her claim.  Plaintiff claims that her employer failed to accommodate
20 her rheumatoid arthritis, and that she was discriminated against and constructively discharged on
21 account of her disability.  Such allegations place her physical condition "in controversy."
22 Second, plaintiff has indicated that she will retain treating physician, Dr. Marcey Shapiro, as an
23 expert to testify as to plaintiff's past and present rheumatoid arthritis.  By retaining an expert,
24 fairness dictates that the defendant be allowed to conduct an IME of plaintiff's rheumatoid
25 arthritis to be in a better position to rebut Dr. Shapiro's testimony at trial.

27 DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL
   INDEPENDENT MENTAL AND PHYSICAL EXAMINATIONS OF PLAINTIFF
28 C 07-3807 EDL                                      4

Third, an independent analysis of plaintiff's physical condition is critical to the defendant to establish or challenge the existence of any claimed damages. Plaintiff claims she is entitled to "front pay," and alleges that if she were reasonably accommodated, she would have been able to work until she was 65. Prayer ¶ 1. Plaintiff does not dispute that a claim of front pay places her physical condition "in controversy." Pl.'s Mem., 7:26-27. Plaintiff also seeks damages for constructive discharge; a physical IME will also enable defendants to address the reasonableness of this claim.

Finally, any order for a physical IME is not premature because of the Court's schedule for the completion of expert disclosures and expert discovery well before trial. The deadline for designation of experts is September 5, 2008. In order to complete his report in time to comply with the Court's deadline, defendants' expert will need to complete his physical exam within the next several weeks.

### III. GOOD CAUSE EXISTS FOR RULE 35 MENTAL AND PHYSICAL EXAMINATIONS

In Franco v. Boston Scientific Corp., 2006 WL 3065580 (N.D. Cal. October 27, 2006), the court identified the following four factors to help the court determine when "good cause" for a Rule 35 examination exists: (1) the possibility of obtaining desire information by other means; (2) whether plaintiff plans to prove her claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff is claiming ongoing emotional distress. Id.

None of the discovery tools plaintiff identifies will enable defendants to adequately assess damages or scrutinize and rebut plaintiff's expert testimony at trial. Plaintiff's right to privacy regarding her personal information must be balanced against the defendants' right to a fair trial. Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D.Pa. 1983). Defendants' purpose in seeking the IMEs is not to invade plaintiff's privacy but legitimately to obtain independent and impartial insight into her claims of severe emotional distress. Even

DEFENDANTS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO COMPEL
INDEPENDENT MENTAL AND PHYSICAL EXAMINATIONS OF PLAINTIFF
C 07-3807 EDL                                           5

assuming, arguendo, that plaintiff does not suffer any current emotional disturbance as a result of her employment at OFCCP, an independent examination will permit defendants' expert to explore what distress she did have; what were the symptoms she experienced; what was the reason for the distress; how bad was it; what were the other stressors she may have been experiencing at the time; what did she do to mitigate her alleged distress; whether the distress she experienced is truly in the past. All of this information is relevant and discoverable and cannot be gleaned from a review of the redacted mental health records produced by plaintiff. As such, there is "good cause" for obtaining Rule 35 mental and physical examinations.

## IV. THE TIME, PLACE, MANNER AND SCOPE OF DEFENDANTS' PROPOSED MENTAL AND PHYSICAL IMES ARE REASONABLE

Most courts require defendants to provide the Rule 35(a) specifics regarding the time, place, manner and scope of the IME only after the motion to compel an IME has been granted. See, eg., Hodges v. Keane, 145 F.R.D. 332, 336 (S.D.N.Y. 1993) ("Defendants shall submit to the Court within one business week of filing of this Order a draft order setting forth the exact date, time, place, manner, conditions, and scope of the examination and the person by whom it is to be made"). Defendants intend to submit a draft order directing plaintiff to submit to a mental examination by Bernard S. Rappaport, M.D., a board-certified psychiatrist. Dr. Rappaport will conduct a comprehensive psychiatric evaluation in which he will take a complete history, perform an oral mental examination, and administer psychological testing. The testing will consist of three exams: the Minnesota Multiphasic Personality Test, the Millon Clinical Multi-Axial Inventory, and the Rotter Incomplete Sentences Blank. The examination will take place at Dr. Rappaport's offices in Orinda, California at a date prior to the close of expert discovery that is convenient for both plaintiff and Dr. Rappaport. Dr. Rappaport estimates that the exam should not last more than six hours. Plaintiff can, if necessary, take frequent breaks.

Defendant also intends to seek a draft order directing plaintiff to submit to a physical examination by Kenneth Sack, M.D., a board-certified rheumatologist. Dr. Sack's examination

will consist of a complete history and an evaluation of her condition. The examination, which Dr. Sack expects will not last longer than three hours, will take place at Dr. Sack's offices at UCSF on a date that is convenient for both plaintiff and Dr. Sack. Plaintiff is also free to take frequent breaks as necessary during this examination.

## CONCLUSION

For all the foregoing reasons, and for the reasons set forth in defendants' memorandum of points and authorities in support of the motion, the Court should enter an order compelling plaintiff to submit to independent mental and physical examinations and for such other and further relief as the Court deems just and proper.

Dated: July 29, 2008

                                        Respectfully submitted,

                                        JOSEPH RUSSONIELLO
                                        United States Attorney

By:        /s/
       ELLEN M. FITZGERALD
       Assistant United States Attorney