1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ELLEN M. FITZGERALD (NY 2408805)
   Assistant United States Attorney
4  450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102-3495
5  Tel: (415) 436-7314
   Fax: (415) 436-6748
6  E-mail: ellen.fitzgerald@usdoj.gov

7  Attorneys for Defendants

8                        UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                            SAN FRANCISCO DIVISION

11 FRANCISCA MORALEZ,                )
                                      )   Case No. C 07-3807 EDL
12                                    )
              Plaintiff,              )
13                                    )   **DEFENDANTS' SUPPLEMENTAL**
                                      )   **MEMORANDUM IN FURTHER**
14                                    )   **SUPPORT OF MOTION TO**
    v.                                )   **COMPEL INDEPENDENT MENTAL**
15                                    )   **EXAMINATION OF PLAINTIFF**
                                      )
16 ELAINE CHAO, SECRETARY OF THE      )
   U.S. DEPARTMENT OF LABOR; U.S.     )
17 DEPARTMENT OF LABOR                )
   EMPLOYMENT STANDARDS               )
18 ADMINISTRATION                     )
                                      )
19                                    )
              Defendants.             )
20 _____    )

21
          Defendants, by and through their undersigned attorneys, submit this supplemental
22
   memorandum in further support of their motion to compel an independent mental examination of
23
   plaintiff.
24
          On August 1, 2008, defense counsel conducted the deposition of plaintiff's treating
25
   therapist and expert witness, Gail Hunt. Ms. Hunt testified that plaintiff "suffered extreme
26

27 DEFENDANTS' SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT OF MOTION TO COMPEL
   INDEPENDENT MENTAL EXAMINATION
28 C 07-3807 EDL

emotional distress" when she worked for defendant. Supplemental Declaration of Ellen M. FitzGerald, dated August 19, 2008 ("FitzGerald Supplemental Decl."), Exhibit A. According to Ms. Hunt, plaintiff was "one of the more distressed clients [she had] seen in 31 years of practice," and she was "suicidal." Id. Ms. Hunt testified that plaintiff's experience at the Oakland District Office of OFCCP was "very, very painful for her," and she was "very depressed" Id. Exhibit B. Ms. Hunt stated that she has extensive experience treating victims of trauma and, in her opinion, plaintiff was a trauma victim. Plaintiff suffered from something akin to post traumatic stress disorder or what Ms. Hunt diagnosed as "acute situational disorder." Id. Exhibit C. Ms. Hunt testified that the "trauma" plaintiff experienced continues to this day because plaintiff is re-experiencing it as the lawsuit proceeds. Id. Ms. Moralez is still receiving treatment from Ms. Hunt; they see each other every week for therapy. Id. Exhibit D.

Ms. Hunt's testimony is at odds with plaintiff's contention that she has no "ongoing" mental or emotional distress. According to Ms. Hunt, plaintiff is still distressed enough to require weekly therapy sessions. Plaintiff is not simply experiencing stress due to litigation but a re-occurrence of the *trauma* she allegedly suffered while she worked for defendant. Here, there is evidence of not only an unusually severe emotional distress but also specific mental or emotional disorders (i.e. "acute situational disorder" and "major depressive disorder"). The presence of these two factors, along with plaintiff's stated intention to use Ms. Hunt as an expert witness to render a professional opinion on the severity of Ms. Moralez's emotional distress, support a finding that Ms. Moralez has placed her mental condition "in controversy" within the meaning of Rule 35. Turner v. Imperial Stores, 161 F.R.D.89, 95 (S.D.Cal. 1995) (articulating factors relevant of finding that mental status is in controversy); accord Ford v. Contra Costa County, 179 F.R.D. 579, 580 (N.D. Cal. 1998).

Thus, because plaintiff has placed her mental condition "in controversy" and because, for the reasons set forth in defendants' moving papers, "good cause"exists for an independent mental examination, defendants have met their burden under Rule 35 and a mental examination

DEFENDANTS' SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT OF MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION
C 07-3807 EDL                              2

1  of plaintiff is warranted.

2  CONCLUSION

3  For all the foregoing reasons, and the reasons set forth in defendants' memorandum of points and authorities in support of the motion and their reply memorandum, the Court should enter an order compelling plaintiff to submit to an independent mental examination and for such other and further relief as the Court deems just and proper.

Dated: August 18, 2008

Respectfully submitted,

JOSEPH RUSSONIELLO
United States Attorney

By:        /s/       
ELLEN M. FITZGERALD
Assistant United States Attorney

//
//
//
//
//
//
//
//
//
//
//
//
//

DEFENDANTS' SUPPLEMENTAL SUBMISSION IN FURTHER SUPPORT OF MOTION TO COMPEL INDEPENDENT MENTAL EXAMINATION
C 07-3807 EDL                                        3