**United States District Court**
For the Northern District of California

| | |
|---|---|
| FRANCISCA MORALEZ, | No. C-07-03807 EDL |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL INDEPENDENT MEDICAL EXAMINATIONS OF PLAINTIFF** |
| v. | |
| ELAINE L. CHAO, et al., | |
| Defendants. | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In this employment discrimination case, Defendants seek mental and physical independent medical examinations (IME) of Plaintiff. Plaintiff opposes both examinations. This matter was fully briefed and the Court heard oral argument on August 12, 2008.

A party seeking to compel a psychiatric or physical evaluation of an opposing party bears the burden of affirmatively showing that the adverse party's mental or physical condition is in controversy and that there is good cause for the examination. See Fed. R. Civ. Proc. 35(a); Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964) (stating that these two requirements - in controversy and good cause- cannot be met "by mere conclusory allegations of the pleadings - nor by mere relevance to the case - but require an affirmative showing by the movant. . . ."). "Mental and physical examinations are only to be ordered upon a discriminating application by the district judge of the limitations prescribed by the Rule." Schlagenhauf, 379 U.S. at 121. Rule 35 is to be liberally construed. See Schlagenhauf, 379 U.S. at 114-15 (stating generally that discovery rules should be "accorded a broad and liberal treatment"); Simpson v. Univ. Of Colorado, 220 F.R.D. 354,

1  362 (D. Colo. 2004) ("While Rule 35 should be construed liberally in favor of granting discovery, its
2  application is left to the sound discretion of the court.").

**1.   In controversy**

   **A.   Mental examination**

Courts apply the factors from <u>Turner v. Imperial Stores</u>, 161 F.R.D. 89, 95 (S.D. Cal. 1995) to determine if the "in controversy" prong is met:

> Most cases in which courts have ordered mental examinations pursuant to Rule 35(a) involve something more than just a claim of emotional distress. . . . [For example], courts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

<u>Turner</u>, 161 F.R.D. at 95. Here, Plaintiff intends to offer her therapist as an expert witness to support her claims. Further, she has alleged a severe mental condition, that is, a diagnosis from her therapist of stress, acute situational disturbance, major depressive disorder and suicidal thoughts. Thus, the <u>Turner</u> test is satisfied.

Plaintiff argues that she has not put her *current* mental condition in controversy for purposes of an IME, so an IME is not appropriate. See <u>Curtis v. Express Inc.</u>, 868 F. Supp. 467, 468-69 (N.D. N.Y. 1994) ("[T]his court finds that in the absence of a separate tort claim for emotional distress, and given the fact that plaintiff only presents a claim for past mental suffering, there is no basis for a Rule 35(a) order requiring a mental examination."); see also <u>Benchmaster, Inc. v. Kawaelde</u>, 107 F.R.D. 752, 754 (E.D. Mich. 1985) ("The proposition gleaned from the <u>Torres</u> and <u>Winters</u> cases is that a Plaintiff will not be forced to submit to a psychiatric examination for a past, rather than current, mental injury and disturbance."). However, the deposition testimony of Plaintiff's therapist, Gail Hunt, belies Plaintiff's argument. See Supp. Decl. of Ellen Fitzgerald in Support of Mot. to Compel Ex. C at 112:7-10 ("Q: And does it [mental distress] continue to date? A: The trauma itself? She -- yes, it does, because she's reexperiencing it as the lawsuit goes on."). Accordingly, Plaintiff's mental condition is in controversy for purposes of the IME.

//

### B. Physical examination

The Turner factors are also used to determine whether Plaintiff's physical condition is in controversy. See Ayat v. Societe Air France, 2007 WL 1120358 (N.D. Cal. April 16, 2007). Here, Plaintiff has alleged a specific disorder, rheumatoid arthritis, with severe pain. Plaintiff also intends to offer her physician as an expert witness on this issue. Therefore, Plaintiff's physical condition is in controversy for purposes of the IME.

### 2. Good cause

Four factors are considered to determine good cause: "Factors that courts have considered include, but are not limited to, the possibility of obtaining desired information by other means, whether plaintiff plans to prove her claim through testimony of expert witnesses, whether the desired materials are relevant, and whether plaintiff is claiming ongoing emotional distress." Franco v. Boston Scientific Corp., 2006 WL 3065580 (N.D. Cal. Oct. 27, 2006). Here, Defendants have shown good cause for the IMEs. Accordingly, Defendants' Motion to Compel Independent Medical Examinations of Plaintiff is granted.

### 3. Conditions of examinations

Both examinations shall be limited to three hours each.[1] Plaintiff agreed to not use the court-imposed limitation on the length of the mental IME as a basis for impeachment of the expert testifying about the results of the IME.

As described in Defendants' reply brief, the physical examination shall be conducted by Kenneth Sack, M.D., a board-certified rheumatologist. Dr. Sack's examination will consist of a complete history and an evaluation of Plaintiff's condition. The examination will take place at Dr. Sack's offices at UCSF on a date that is convenient for both Plaintiff and Dr. Sack. Plaintiff will be free to take frequent breaks as necessary during this examination.

As described in Defendants' reply brief, the mental examination shall be conducted by Bernard S. Rappaport, M.D., a board-certified psychiatrist. Dr. Rappaport may conduct a comprehensive psychiatric evaluation in which he will take a complete history, perform an oral

---

[1] However, if Plaintiff takes lengthy breaks, the time of the mental examination may be extended accordingly.

3

mental examination, and administer psychological testing. The testing may consist of up to three exams -- the Minnesota Multiphasic Personality Test, the Millon Clinical Multi-Axial Inventory, and the Rotter Incomplete Sentences Blank -- and may consist of fewer than these three exams. The examination will take place at Dr. Rappaport's offices in Orinda, California at a date prior to the close of expert discovery that is convenient for both Plaintiff and Dr. Rappaport.  Plaintiff can, if necessary, take frequent breaks during the examination.

**IT IS SO ORDERED.**

Dated: August 21, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge