Michael S. Sorgen (State Bar No. 43107)
Joyce Kawahata (State Bar No. 113159)
LAW OFFICES OF MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco, CA 94108
Telephone:   (415) 956-1360
Facsimile:    (415) 956-6342

Attorneys for Plaintiff
FRANCISCA MORALEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ELAINE L. CHAO, SECRETARY OF THE U.S. DEPARTMENT OF LABOR; U.S. DEPARTMENT OF LABOR, EMPLOYMENT STANDARDS ADMINISTRATION<br><br>　　　　Defendant. | Case No.: C 07-3807 (EDL)<br><br>**PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DEFENSE MEDICAL EXAMINATIONS**<br><br>Date:<br>Time:<br>Courtroom E – 15th Floor |

**I. TO PROTECT PLAINTIFF'S MEDICAL PRIVACY
THE COURT SHOULD FULLY CONSIDER ALL RELEVANT
FACTS IN ORDERING DEFENSE MEDICAL EXAMINATIONS**

At the August 12, 2008 hearing on defendant's motion to compel defense medical exam, the Court invited defendant to file a supplemental memorandum to show whether the deposition testimony of plaintiff's therapist Gail Hunt lends further support to its motion. Defendant filed its supplemental memorandum on August 18. Plaintiff obtained and reviewed the deposition transcript and was prepared to file her supplemental memorandum on Friday morning, August 22. However, the Court filed its order on August 21, before affording plaintiff an opportunity to address the matters raised in defendant's supplemental filings. In the interest of fairness and so

P's Request for Leave to File Mot. for Reconsideration
(Case No. C073807 ED)

that the Court could consider all relevant facts and legal arguments. Pursuant to Local Rule 7-9 of the Northern District of California, plaintiff has refashioned her supplemental filing as a request that the Court reconsider the order granting defendant's motion. Thus she submits this memorandum and declaration in support.

## II.  THE ORDER GRANTING DEFENSE MENTAL EXAMINATION IS UNNECESSARY BECAUSE PLAINTIFF'S MENTAL CONDITION IS NO LONGER "IN CONTROVERSY"

In the defendant's supplemental memorandum and in the excerpts of Gail Hunt's deposition which are attached to the FitzGerald declaration, defendant fairly describes the extreme depressive symptoms which Francisca Moralez experienced in 2005 and 2006 as a result of her very abusive work environment. Hunt deposition pp. 31-33. Although plaintiff's therapist Gail Hunt recognized that the trauma continues, in that Ms. Moralez is "reexperiencing it as the lawsuit goes on," *id.,* 112: 9-10, she describes a substantial diminution in plaintiff's stress and depression levels following her retirement. *Id.,* pp. 13-15. Attached as Exhibit 1 to the Declaration of Michael S. Sorgen are pages 1 and 5-8 of Ms. Hunt's Clinical Summary, dated March 17, 2008. These demonstrate dramatically the significant and qualitative diminution of plaintiff's emotional distress following her departure from the abusive work environment.

That plaintiff primarily suffered severe emotional distress in the past and that her continuing symptoms are much diminished and largely attributed to the ongoing litigation are significant factors in the Court's determination as to whether to order a defense psychological examination, Plaintiff directs the Court's attention to Ms. Hunt's diagnosis of "acute *situational disturbance*" *(id*. at 113) and the significant drop in Ms. Moralez' emotional distress during 2007 and 2008, after she had left the OFCCP. See FitzGerald Declaration Exhibit C; Sorgen Declaration Exhibit 1.

Defendant also relies on the claim that Ms. Moralez is still receiving treatment from Ms. Hunt, but confuses the issue as to how often and when. Compare defendant's supplemental memorandum 2:11 (every other week) and 2:14 (weekly therapy sessions). To elucidate that issue, plaintiff attaches as Exhibit 2 to the Sorgen Declaration pp. 13:12-14:19 of the Hunt

deposition, which indicate that Ms. Hunt saw Ms. Moralez 34 times in 2006, 28 times in 2007, and 22 times in 2008. It is not useful for defendant's psychiatrist to examine Ms. Moralez to determine the severity of symptoms which Ms. Moralez experienced back in 2006. Defendant's expert can just as well assess those past symptoms and the extent to which they have diminished or continued by reviewing Ms. Hunt's reports, notes, and testimony.

### III. THE ORDER GRANTING DEFENDANT'S MOTION FOR A PHYSICAL EXAMINATION IS UNWARRANTED BECAUSE PLAINTIFF'S TREATING PHYSICIAN IS NOT A RHEUMATOID ARTHRITIS SPECIALIST

In granting defendant's motion to compel a physical examination, the Court relied on plaintiff's intent to present testimony from plaintiff's treating physician, Dr. Marcey Shapiro, as an "expert witness on rheumatoid arthritis." Order Granting Defendants' Motion, 3:4-6. However, Dr. Shapiro is a general family physician and a specialist in holistic medicine, not an expert on rheumatoid arthritis.  See Sorgen Declaration Exhibit 3. Plaintiff's physical disability, i.e., rheumatoid arthritis, has never been "in controversy" as defined by *Turner* factors.

While the Court provides an initial sense of how it strikes the balance between plaintiff's medical privacy and defendant's demonstrated need to compel these medical examinations, the parties should engage in further meet and confer processes regarding the specific purpose, nature, scope, and limits of the defense examinations.  Then to properly protect Ms. Moralez' medical privacy, the agreed-upon or Court-imposed purpose, scope and limits should be specified in the Court's Order.

### IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully asks that this Court reconsider and modify the Order granting defense mental and physical examinations.

Dated: August 25, 2008              Respectfully submitted,

                                          LAW OFFICES OF MICHAEL S. SORGEN

                                          By: _____/s/_____
                                                Michael S. Sorgen
                                                Attorneys for Plaintiff