1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  ELLEN M. FITZGERALD (NY 2408805)
   Assistant United States Attorney
4  ANDREW Y. S. CHENG (CSBN 164613)
   Assistant United States Attorney
5  450 Golden Gate Avenue, Box 36055
   San Francisco, CA 94102-3495
6  Tel: (415) 436-7314
   Fax: (415) 436-6748
7  E-mail: ellen.fitzgerald@usdoj.gov

8  Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCISCA MORALEZ, ) | |
| ) | Case No. C 07-3807 EDL |
| Plaintiff, ) | |
| v. ) | **DEFENDANT'S NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| ) | |
| ELAINE CHAO, SECRETARY OF THE ) | |
| U.S. DEPARTMENT OF LABOR; U.S. ) | |
| DEPARTMENT OF LABOR ) | |
| EMPLOYMENT STANDARDS ) | Date: October 7, 2008 |
| ADMINISTRATION ) | Time: 9:00 a.m. |
| ) | Courtroom: E–15th Floor |
| Defendants. ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, upon the annexed declaration of Ellen M. FitzGerald, dated September 2, 2008 ("FitzGerald Decl.") and the exhibits thereto, the following memorandum of points and authorities, and all the prior pleadings and proceedings held herein, defendants, Elaine Chao, and the U.S. Department of Labor Employment Standards Administration ("defendants"), by and through their undersigned counsel, will move this Court on October 7, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard, for an order of

DEFENDANTS' NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 07-3807 EDL

partial summary judgment dismissing plaintiff's claim of constructive discharge pursuant to Rule 56 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that, pursuant to Civil L.R. 7-3(a), any opposition to this motion must be served and filed not less than 21 days before the hearing date, and that, pursuant to Civil L.R. 5-5(a), such opposition must be actually delivered to the undersigned on that date, or mailed three days before that date.

## ISSUE TO BE DECIDED

Whether defendants are entitled to the entry of partial summary judgment on plaintiff's constructive discharge claim where plaintiff cannot raise a triable issue of fact regarding the existence of a continuous pattern of discriminatory treatment and therefore fails as a matter of law to state a claim of constructive discharge.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

Plaintiff, Francisca Moralez, brings this action for alleged discrimination in employment in violation of Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. By her complaint, Ms. Moralez alleges that defendants failed to provide reasonable accommodation for her rheumatoid arthritis, and, as a result, the conditions of her employment became so difficult that she was constructively discharged and forced to retire on a disability pension.

As shown below, plaintiff's claim for constructive discharge is inadequate both legally and factually and must be dismissed as a matter of law. Even when viewed in the light most favorable to plaintiff, the record here contains no evidence of a continuing pattern of discriminatory treatment from which a reasonable juror could find that an employee in plaintiff's position would have had no choice but to resign. In the absence of any evidence of a continuous pattern of conduct or other aggravating factors, plaintiff's claim of constructive discharge fails as a matter of law, and defendants are entitled to entry of partial summary judgment.

//

//

**STATEMENT OF UNDISPUTED FACTS**

Plaintiff, Francisca Moralez, a graduate of the University of Wisconsin Law School and a member of the Wisconsin bar, was hired as a Compliance Officer in the Oakland District Office of the Office of Federal Contract Compliance Programs ("OFCCP") in 1997.  FitzGerald Decl. Exhibit A, ¶ 7; Exhibit B, 142:13-16.  In January 2001, she received a diagnosis of rheumatoid arthritis.  Id. Exhibit A ¶ 8; Exhibit B, 38:8-10.  Ms. Moralez's arthritis impacted her ability to walk and perform manual tasks and made it increasingly difficult for her to perform her job.  Id. Exhibit A ¶ 8.  In 2001 defendants offered to accommodate Ms. Moralez's arthritis by purchasing a motorized wheelchair for her to use in the office.  Id. Exhibit A, ¶ 9; Exhibit B, 40:1-7.  Ms. Moralez declined defendants' offer because she did not believe she needed a wheelchair at that time.  Id.

Over the next several years, Ms. Moralez continued to have problems walking and working in the office because of her arthritis, and defendants continued to accommodate her.  Ms Moralez worked from home as needed, often three or four days a week.  FitzGerald Decl. Exhibit B, 43:13-16.  Defendants also allowed Ms. Moralez to keep her assigned laptop at home, gave her extra time to commute to the office, and often assisted her with transportation to and from work-related functions if she had difficulty walking or standing.  Id. Exhibit A, ¶ 10.  Defendants also raised her desk and re-configured her workspace to make it easier for her to complete assignments in the office.  Id. Exhibit C, 34:6-12; 35:25-36:3.

In March 2005, Ms. Moralez decided that it was time for her to use a motorized wheelchair.  She requested, by letter dated March 28, 2005, that defendants provide her with a motorized wheelchair and allow her to work at home three days a week as accommodations for her disability.  FitzGerald Decl. Exhibit A, ¶ 11; Exhibit B, 80:25-81:8.  Ms. Moralez explained that because of her arthritis she had difficulty "walking, sitting down, raising up from a sitting position, climbing stairs, walking down stairs, and lifting/carrying over two pounds while at work."  Id. Exhibit A, ¶ 11.  A motorized wheelchair would "increase her mobility and allow

her to perform the essential functions of her job" in the office and on-site at any company. Id. Exhibit A, ¶ 11.

Defendants reviewed plaintiff's request and informed her that they needed more information about the full extent of her limitations and why she needed the specific accommodations she requested. FitzGerald Decl. Exhibit A, ¶ 14. Because the medical documentation Ms. Moralez provided with her request did not describe how the accommodations would allow her to perform the essential functions of her job, defendants asked Ms. Moralez to sign an authorization for the release of her medical information and also provide an additional explanation of her limitations from her physician. Id. Defendants advised Ms. Moralez that they intended to forward the release and the additional information to the Public Health Service ("PHS") for further evaluation. Id.

Ms. Moralez refused to sign the authorization to release her medical information. FitzGerald Decl. Exhibit A, ¶ 15; Exhibit B, 90:24-91:11. She claimed that defendants' demand for a release not only constituted harassment and violated her privacy rights but also was unnecessary under applicable EEOC guidelines. Id.

In May 2005 Moralez filed a complaint of disability discrimination. FitzGerald Decl. Exhibit A, ¶¶ 18,19. She later participated in a mediation of her complaint with William Smitherman, an OFCCP Regional Director, in August 2005. Id. Exhibit A, ¶ 18; Exhibit B, 99:7-11; Exhibit C, 26:7-10. At the mediation, Ms. Moralez provided Mr. Smitherman with a statement from her doctor which explained that Ms. Moralez needed a motorized scooter to perform job duties that required her to walk to the copier, the printer, and to other companies. Id. Exhibit A, ¶ 19. According to her doctor, the most ideal work arrangement would be for Ms. Moralez to work from home three days per week. Id. Mr. Smitherman accepted the physician's statement at the mediation and told Ms. Moralez that defendants would get back to her.

Mr. Smitherman discussed Ms. Moralez's request with Pamela Gibbs, the Acting Director of defendants' Equal Employment Opportunity Unit in Washington, D.C. FitzGerald

Decl. Exhibit C, 55:14-19. Ms. Gibbs indicated that she needed more information so that the PHS medical experts could evaluate Ms. Moralez's request. Id. Exhibit C, 122:22-123:5. Ms. Moralez spoke directly with Ms. Gibbs and told her that she would not sign a medical release because it invaded her privacy. Id. Exhibit B, 90:24-91:11. After the August 2005 mediation, Ms. Moralez never raised the issue of her request for accommodations with Mr. Smitherman again. Id. Exhibit B, 99:7-11.

On May 15, 2006, Ms. Moralez took a medical leave of absence from her Compliance Officer position and applied for disability retirement. FitzGerald Decl. Exhibit B, 33:2-4. Prior to taking this medical leave of absence, Moralez was not required to go on leave without pay status. Id. Exhibit B, 89:3-4. On September 29, 2006, Ms Moralez's application for disability retirement was granted. Id. Exhibit A, ¶ 25.

**ARGUMENT**

**DEFENDANTS ARE ENTITLED TO ENTRY OF PARTIAL SUMMARY JUDGMENT BECAUSE PLAINTIFF HAS FAILED TO ADDUCE ADMISSIBLE EVIDENCE TO SUPPORT HER CLAIM OF CONSTRUCTIVE DISCHARGE**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. Celotex v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-249 (1986). An issue is "material" if the fact may affect the outcome of the case. Id at 249. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment does not have to produce any affirmative evidence of the elements of a claim on which the non-moving party will bear the burden of proof at trial, but can merely point out the absence of evidence supporting any such element. Celotex, 477 U.S. at 322-23 (1986); Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1315 (9th Cir. 1995) cert. denied, 516 U.S. 869 (1995); Maffei v. Northern Insurance Co. of New York, 12 F.3d 892, 899 (9th Cir. 1993). Once the moving party points out the absence of evidence, then the non-moving party must come forward with specific evidence to show there is a genuine issue for trial, and if the non-moving party fails to make this showing, then the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323 (1986).

Entry of summary judgment is not only proper if plaintiff fails to produce *any* evidence on an element of his case, but it is also proper if plaintiff fails to produce *sufficient* evidence to establish an element of his case. The Supreme Court has specifically held that summary judgment is proper against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322 (1986). The mere existence of a "scintilla" of evidence in support of the non-moving party's position is not sufficient. The non-moving party has the burden of establishing sufficient evidence on each element of her case so that a jury could return a verdict for her. Anderson, 477 U.S. at 249, 252 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

Summary judgment applies no less to discrimination cases than to commercial or other types of cases. Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000). To defeat a motion for summary judgment in an employment discrimination case, a plaintiff is required to show, inter alia, "circumstances that would permit an inference of discrimination on an impermissible basis . . ." Goenaga v. March of Dimes Birth Defects Foundation, 51 F.3d 14, 18 (2d Cir. 1995). The burden is on the plaintiff, at all times, to adduce evidence that she was the victim of discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993). Because,

for the reasons set forth below, Ms. Moralez cannot meet that burden with respect to her constructive discharge claim, defendants' motion for partial summary judgment should be granted.

A "constructive discharge occurs when the working conditions deteriorate, as a result of discrimination, to the point that they become sufficiently extraordinary and egregious." Brooks v. City of San Mateo, 229 F.3d 917, 930 (9th Cir. 2000). To state a claim for constructive discharge, Ms. Moralez must show there are triable issues of fact as to whether a reasonable person "in her position would have felt she was forced to [leave her job] because of intolerable and discriminatory working conditions." Steiner v. Showboat Operating Co., 25 F.3d 1459, 1465 (9th Cir. 1994)(quoting Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir. 1989). A single isolated incident of alleged employment discrimination is insufficient as a matter of law to support a finding of constructive discharge. Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987); Satterwhite v. Smith, 744 F.2d 1380, 1381-1382 ("courts which have considered the question [of constructive discharge] are reluctant to predicate a finding of constructive discharge solely on the fact of employment discrimination."). This lower limit proceeds from the notion that anti-discrimination policies are best served when both sides, if possible, confront discrimination within the context of their existing employment relationship. Thorne v. City of El Segundo, 802 F.2d 1131, 1134 (9th Cir. 1986). Ms. Moralez must show some "'aggravating factors,' such as a 'continuous pattern of discriminatory treatment'" to survive summary judgment on her constructive discharge claim. Satterwhite, 744 F2d at 1382; see also Clark v. Marsh, 665 F.2d 1168 (D.C. Cir. 1981)(holding that mere fact of discrimination sans aggravating factors would not sustain a constructive discharge action).

Here, there is, at best, a single isolated incident of alleged discrimination: defendants' alleged failure to respond to Ms. Moralez's request for accommodations, after she refused to sign an authorization for the release of information about her rheumatoid arthritis to the PHS. There is no evidence of any "aggravating factors" from which a trier of fact could conclude that Ms.

DEFENDANTS' NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
Case No. C 07-3807 EDL                         7

Moralez's working conditions were so difficult or unpleasant or intolerable that a reasonable person in her position would have been compelled to leave.

Indeed, instead of rendering her working conditions intolerable, defendants accommodated Ms. Moralez's evolving needs in the office after her diagnosis of rheumatoid arthritis. Defendants first offered to purchase a motorized wheelchair for Ms. Moralez but, at the time, she declined the offer. Defendants also accommodated Ms. Moralez's arthritis by having her desk raised and improving the layout of her work station. Defendants further accommodated Ms. Moralez's arthritis by permitting her to work at home three or four days per week when she needed to do so. Finally, defendants engaged in the interactive process with Ms. Moralez regarding her March 28, 2005 request by bringing it to the attention of the appropriate decision-makers in Washington, D.C. However, in the absence of a medical release, which Ms. Moralez refused to provide, her request was not processed prior to her disability retirement.

Ms. Moralez was not demoted; she did not receive a cut in pay or a re-assignment; she was never encouraged to resign or retire; and she was not disciplined. Ms. Moralez was not driven from the workplace; she continued to work full-time until May 2006 when she elected to take a medical leave of absence and apply for disability retirement. There is nothing to indicate that Ms. Moralez's working conditions deteriorated because of discrimination to the point that they would overcome the motivation of a diligent, reasonable employee to remain on the job to earn a living. As such, Ms. Moralez has failed to state a claim for constructive discharge, and defendants are entitled to partial summary judgment on this claim.

//
//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, defendant's motion for partial summary judgment should be granted in all respects, and the Court should grant such other and further relief as the Court may deem just and proper.

Dated: September 2, 2008

                                                Respectfully submitted,

                                                JOSEPH RUSSONIELLO
                                                United States Attorney

By:        /s/
      ELLEN M. FITZGERALD
      ANDREW Y.S. CHENG
      Assistant United States Attorneys