Michael S. Sorgen (State Bar No. 43107)
Joyce Kawahata (State Bar No. 113159)
LAW OFFICES OF MICHAEL S. SORGEN
240 Stockton Street, 9th Floor
San Francisco, CA 94108
Telephone:   (415) 956-1360
Facsimile:    (415) 956-6342

Attorney for Plaintiff
FRANCISCA MORALEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ELAINE L. CHAO, SECRETARY OF THE U.S. DEPARTMENT OF LABOR; U.S. DEPARTMENT OF LABOR, EMPLOYMENT STANDARDS ADMINISTRATION<br><br>　　　　Defendants. | Case No.: C 07-3807 (EDL)<br><br>**DECLARATION OF MARCEY SHAPIRO, M.D. IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 10, 2008<br>Time: 2 p.m.<br>Courtroom: E, 15th Floor |

　　　I, Marcey Shapiro, declare as follows:

　　　1. I am a medical doctor and have been one of Francisca Moralez' treating physicians since approximately October 2000. Since that time I have treated her Rheumatoid Arthritis, among other conditions.

　　　2. Ms. Moralez' condition became noticeably exacerbated beginning around June 2004, at the same time as Ms. Moralez reported changes in her working conditions and management at her work place which caused extreme stress and additional physical hardship. From that time until her subsequent retirement, her ability to ambulate became progressively worse as she had been walking with one cane, then two and ultimately used a wheelchair.

　　　3. I provided medical documentation to Ms. Moralez' employer beginning around March 2005, specifically Form WH 380 for the purpose that Ms. Moralez be able to use medical leave

DECLARATION OF MARCEY SHAPIRO
Case No. C073807 EDL                          1

under the Family Medical Leave Act. (Attached hereto as Exhibit 1 is a true and correct copy.) Among other things, the form requested that I assess Ms. Moralez' ability to perform the essential functions of her job. However, I could not make this assessment because I did not know what the essential functions of her job were. On this form, I requested her employer to provide me a list of those functions but I never received this information. I believe my office manager also called to request these functions but was never called back.

4. Around July 2005, for the purposes of a mediation, I wrote a letter to her employer which explained her need for reasonable accommodation. (Attached hereto as Exhibit 2 is a true and correct copy.) I later had the letter rewritten in typed form. (Attached hereto as Exhibit 3 is a true and correct copy.) Given Ms. Moralez' substantial limitation in her ability to walk and stand, it was obvious that she was disabled and needed a powered wheelchair to ambulate.

5. Ms. Moralez' employer never provided her with the requested permission to work at home or a power chair. Throughout the months that followed, this caused extreme physical and emotional hardship for her. Using a manual wheelchair put extreme stress on her wrists, hands, elbows, arms and shoulders. Since Rheumatoid Arthritis is a disease that causes inflammation and degeneration of joints, it became unbearable and impossible for her to move her own wheelchair. Given her physical condition, I was surprised that she was able to use the manual wheelchair during the following year.

6. However, as a result, in May 2006, I provided this patient with further medical documentation that enabled her to retire on disability. (Attached hereto as Exhibit 4 is a true and correct copy.) But it is my unequivocal opinion that had Ms. Moralez been provided reasonable accommodation as requested, she could have continued working.

Executed this 16th day of September, 2008, in Albany, California.

_____/s/_____
Marcey Shapiro, M.D.

DECLARATION OF MARCEY SHAPIRO
Case No. C073807 EDL                2